## RED DEVIL TOOLS v. HYDE MFG. CO.

## No. 50-845.

### United States District Court, D. Massachusetts.

### March 28, 1951.

Herbert P. Kenway and Kenway, Jenney, Witter & Hildreth, all of Boston, Mass., for plaintiff.

Charles R. Fay, Worcester, Mass., Cedric W. Porter, Heard Smith Porter & Chittick, all of Boston, Mass., for defendant.

FORD, District Judge.

This is an action for infringement of Echikson's U. S. patent No. 2,271,290 issued January 27, 1942 on an application dated September 6, 1940, for a tool such as a putty knife or wall scraper made with an improved type of handle. Plaintiff, a New Jersey corporation, the present owner of this patent, and defendant, a Massachusetts corporation, are both engaged in the manufacture and sale of tools, including putty knives. Defendant denies infringement and alleges that the patent is invalid for anticipation, lack of invention, and indefiniteness.

For many years handles for putty knives were commonly made from tropical hardwoods such as rosewood or cocobolo wood. The working member of such a knife is a single piece of metal which forms a tempered blade with a tang or shank to which the handle is attached. The handle was made of two pieces of wood, called shells, which were riveted one on each side of the tang while still only partially shaped and large enough so that they slightly overlapped the edges of the tang. In the final shaping the handle was ground down even with the edges of the tang and then waxed and polished. In the finished product the tang thus ran the full length of the handle and the edge of the tang was exposed for the whole circumference of the handle.

Wartime difficulties in obtaining tropical woods, as well as the fact that some workers allergic to such woods suffered ill effects from handling them, prompted a search for a substitute material for handles. The use of solid plastic shells applied by the same process as was used for the wooden shells proved to be unsatisfactory since the plastic materials tended to melt under the heat generated by the high speed grinding processes.

The handle described in Echikson's patent is made up of two plastic shells. These are hollow or cup-shaped, each having a flat body portion intended to lie parallel to the tang, with a flange running around the side. The parts are molded so that in the assembled handle the flanges of the two shells meet, thus covering the edge of the tang. The tang abuts the inner side of the flange and is held between partition-like portions within the hollow shells which are sufficiently below the plane of the rims of the

flanges to allow these rims to come into contact. Claim 1 of the patent reads: "A tool of the class described comprising in combination, a working member having a strip-like shank part, a handle member encasing said shank part and consisting of a pair of substantially similar and separate cup-shaped parts having body portions at opposite sides of said shank part and flange portions, the rims of said flange portions being disposed in abutment with one another and adjacent side edges of said shank part, partition-like portions extending inwardly of said flange portions and termination at a distance inwardly of said rims thereof and in bearing engagement with opposite faces of said shank part, and means securing said members together."

Claim 2 is similar, with a provision for bosses inside the shell in bearing engagement with the tang through which pass the rivets that fasten the handle.

Defendant is the owner of U. S. patent No. 2,498,107 to Ferguson, issued in 1950 on an application made in 1946. Under this patent are manufactured the putty knives which are alleged to infringe the patent in suit. The single claim of the Ferguson patent is for: "A tool handle comprising a generally flat tang having recesses in opposite side edges thereof, said recesses forming shoulders at each edge of the tang, a pair of hollow handle parts having flats at each end for contact with the faces of the tang, edge extensions on the handle parts filling the recesses said extensions forming shoulders for locating contact with the tang shoulders, a central longitudinal rib in each handle part, said ribs terminating flatly in the planes of the flats to contact the tang at opposite sides thereof, and a flat head on the tang, said head being edgewise exposed at an end of the handle."

It is clear that the handle thus described and the handle which defendant actually uses on its putty knives, at least closely, resembles that described in the Echikson patent. Defendant rests its defense of non-infringement on two differences. First, in defendant's handle, the tang is not completely enclosed by the plastic shells but the head of the tang is ex-posed at the end of the handle. But defendant's tang is still for the most part enclosed by the handle, substantially as described in plaintiff's patent. The claims of plaintiff's patent do not mention the complete enclosing of the tang, and the specification (page 1, column 2, lines 4 and 5) describes the handle as one "wherein the shank is more or less encased in the handle". The difference is only a colorable one which is insufficient to avoid infringement. The second and more important difference on which defendant relies is the fact that in its handles the inner partitions extend continuously across the whole of the handle part. The corresponding partitions shown in the drawings of the Echikson patent (and found in the handles manufactured by plaintiff) extend only a short distance transversely from the flanges. It is defendant's contention that it is an essential feature of plaintiff's patented handle that these partitions should not extend all the way across the shell, and hence defendant's handles which do so extend, do not infringe that patent. On this it relies on the words of the claims, e.g., in claim 1 these partitions are described as "partition-like portions extending inwardly of said flange portions and terminating at a distance inwardly of said rims thereof". When the claim speaks of the partitions as "terminating * * * inwardly of said rims", it must mean, says defendant, that they are not to extend all the way across the shell. Plaintiff contends that these words mean merely that the partitions are set slightly below the plane of the rim of the flange so as to leave space for the tang to fit between the partitions when the rims of the two shells are brought together in the finished handle. Merely from the words of the claim it is not clear whether "inwardly" applies to direction measured from the flange across the shell to the opposite side, or to direction from the plane of the rim to the body part of the shell. Such an ambiguity in the language of the claim may be resolved by reference to the specification. 2 Walker on Patents (Deller's Ed.) § 261 and cases there cited. From the reading of the specification it is clear that the feature of the partitions on which the patentee was

relying was not that they did not go all the way across the handle, but that they were so formed as to permit the tang to fit between them while allowing the flanges to come together so as to cover the edges of the tang. And the proper meaning to be given to the word "inwardly" is clear from the manner in which it is used in the specification (page 2, column 1, lines 20–25): "Extending *inwardly from these flanges* and *outwardly from the said body parts* are two or more rib parts 14. These *extend to slightly below the planes* of the inner marginal edges of the shell's flanges and are arranged as to provide ledge-like portions substantially as shown in Fig. 4." (Emphasis supplied) Defendant's interpretation of the claims must be rejected. The claims of the patent require only that the partitions be depressed below the plane of the rims, without making any requirement as to whether they go fully or only part way across the shell from flange to flange. If the patent is valid, it is infringed by defendant's handle. Such a finding is not precluded by the fact that a patent has issued on defendant's handle. Temco Electric Motor Co. v. Apco Manufacturing Co., 275 U.S. 319, 328, 48 S.Ct. 170, 72 L.Ed. 298.

There remains the question of the validity of the patent. The use of plastic handles for putty knives was not new. In fact the evidence at the trial shows that defendant in 1938 made and sold putty knives with plastic handles. These handles were made up of two hollow plastic shells, with inner supporting ribs or partitions. The shells were molded to the exact form desired instead of being ground down to proper size and shape, as had been the case with the wooden shells or the early experiments with plastic shells. The only difference between them and the handle described in the Echikson patent is that defendant's handles, like the older hardwood handles, allowed the edge of the tang to be exposed all the way around the handle. If any invention is found in the Echikson patent over the prior art as practised by defendant, it must lie in the depressing of the shoulder of the flange and partitions so as to allow the flanges to meet and enclose the tang. There is, however, no invention in merely mounting or covering parts that might be exposed. Etten v. Kauffman, D.C., 32 F. Supp. 186, 191.

No invention can be predicated on the use of plastic molded to the desired shape. Defendant was already using plastic materials. The fact that they can be molded to any exact shape was well known. And the claims of plaintiff's patent say nothing of material from which the handle parts are to be made, or of the process by which they are to be formed. These claims are broad enough to cover handles of any suitable material shaped by any available method.

Hart's U. S. patent No. 947,103, issued in 1910 and cited by the patent examiner against Echikson, disclosed an improved hollow handle for knives or forks with a flange which was to abut the tang. The tang was to fit into slightly depressed shoulders in the flange so that when the handle was folded together it would fully enclose the tang. This handle was made of a single blank of metal folded along the middle to enclose the tang. But there was no invention in making the handle in two separate parts and riveting them together one on each side of the tang. This was the method plaintiff itself was already using in making wooden handles. Hart also shows no supporting ribs within the hollow handle. The use of such ribs was already known. Defendant's plastic handles had them. It required no invention to see that these ribs, if used, must be depressed in the same way as a ledge or shoulder on the inside of the flange if the rims were to meet and enclose the handle.

The Pope patent No. 300,796, the only other prior patent cited by the patent examiner, disclosed a knife handle similar to Echikson's, composed of two hollow shells, and partition-like portions extending from the flange with a depressed recess to receive the tang and allow the rims of the flanges to come together. The essential difference between the Echikson and Pope handles is that Pope makes it a feature of his knife that the tang does not run the full length of the handle. But the tang in the putty knives with wooden handles ran the full length of the handle. So also did the

tang in the knife shown in Hirsch patent No. 656,457, issued in 1900, and this latter tang was also fully enclosed by the handle.

An interior boss in each shell of a hollow handle with an opening to receive a screw or rivet to fasten the parts together, such as is described in claim 2 of Echikson's patent, had already been disclosed in the Willey patent No. 1,900,423.

The patent in suit thus discloses nothing except a combination of elements already well known in the art, each performing only its previously known function. Cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 151, 152, 71 S.Ct. 127. Such a combination does not rise to the dignity of an invention. Detrola Radio & Television Corp. v. Hazeltine Corp., 313 U.S. 259, 269, 61 S.Ct. 948, 85 L.Ed. 1319. The Echikson patent No. 2,271,290 is invalid for lack of invention.

Judgment for defendant.