## RED DEVIL TOOLS v. HYDE MFG. CO.

### No. 4595.

United States Court of Appeals
First Circuit.

Argued Nov. 8, 1951.

Decided Dec. 31, 1951.

Benjamin T. Rauber, New York City (Robert B. Russell and Kenway, Jenney, Witter & Hildreth, Boston, Mass., with him on the brief), for appellant.

Cedric W. Porter, Boston, Mass. (Charles R. Fay, Worcester, Mass., and Heard, Smith, Porter & Chittick, Boston, Mass., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

### PER CURIAM.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts dismissing a complaint brought by Red Devil Tools, a New Jersey corporation, under the Patent Laws of the United States.

The complaint charges the defendant, Hyde Manufacturing Company, a Massachusetts corporation, with infringement of Echikson's U. S. Patent No. 2,271,290 for a "Tool", granted January 27, 1942, which patent is now owned by the appellant.

The opinion of the district court holding said patent "invalid for lack of invention" appears in 96 F.Supp. 502, 505, where the case is more fully set forth.

Briefly stated, the Echikson patent relates to the handle construction of a putty knife or wall scraper where there is a blade having a shank or tang and a handle is associated with the shank. The handle is made of two shell-like members. The shells here are made of a plastic material and may be formed to have flanges. The shells are arranged to be fitted complementally over the shank or tang of the tool so that the marginal edges of the shank are no longer exposed and posts or ribs serve to hold it in a relatively rigid or clamped position when the shells are secured by rivets or the like.

The district court held that there is no invention "in merely mounting or covering parts that might be exposed", or in molding plastic "to the desired shape" or "in making the handle in two separate parts and riveting them together one on each side of the tang." It also pointed out that the prior art showed the "use of such ribs was already known."

The findings of the district court "shall not be set aside unless clearly erroneous". Rule 52, Fed. Rules Civ.Proc. 28 U.S.C.A. B. F. Sturtevant Co. v. Massachusetts Hair & Felt Co., 1 Cir., 122 F.2d 900; Green v. Electric Vacuum Cleaner Co., 6 Cir., 132 F.2d 312, certiorari granted 318 U.S. 753, 63 S.Ct. 858, 87 L.Ed. 1128, dismissed 319 U.S. 777, 63 S.Ct. 1163, 87 L.Ed. 1723. We cannot say on the record here that the findings of fact are clearly erroneous.

We do not believe that the Echikson patent meets the test laid down by the Supreme Court in the case of Great At-

lantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 152, 71 S.Ct. 127, 130, 95 L.Ed. 162, where the court said: " * * * The function of a patent is to add to the sum of useful knowledge. * * *"

The judgment of the district court is affirmed.