**Max WASSERMAN, Plaintiff, Appellant,**

v.

**BURGESS & BLACHER CO., Defendant, Appellee.**

No. 4844.

United States Court of Appeals First Circuit.

Dec. 6, 1954.

Ezekiel Wolf, Boston, Mass., for appellant.

Arthur D. Thomson, Boston, Mass., with whom Mary C. Metcalf, Milton, Mass., was on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts, entered March 23, 1954, dismissing an action brought by Max Wasserman against Burgess & Blacher Co., a Massachusetts corporation, under Title 28 U.S.C. § 1338.

The complaint charges the defendant with infringement of plaintiff's U.S Patent No. 2,610,593, granted September 16, 1952.

■ The opinion of the district court holding said patent to be invalid for want of invention is reported in 1954, 119 F.Supp. 684, 686.

The Wasserman patent relates to a type of skylight construction employing a plastic material in place of glass. This construction, which can be pre-fabricated as a unit, is a basic square or rectangular metal frame with a top and two sides which fits over the wooden curbing of the roof opening. The inner side of the frame extends slightly above the level of the top side of the frame so as to provide a condensation gutter. The top or covering member of the frame joins both sides and then continues outwardly on a horizontal plane to form a marginal flange. On top of this basic frame there is set an elliptic plastic dome with an outwardly projecting base flange coextensive with the horizontal flange of the frame. The dome and frame are joined on these flanges by passing bolts through aligned holes in these flanges; the holes in the plastic being slightly larger in diameter than the bolts so as to allow for the expansion and contraction of the plastic.

■■ The district court in holding that the patent is invalid for want of invention stated that " * * * practically every element in the plaintiff's patent was taken directly from the prior art and those that were not (if there are any) were either suggested by the prior art or else were devised by the patentee as unstartling routine solutions to problems incident to the use of the materials incorporated in the plaintiff's patent." An element which did not appear in previous skylight construction as disclosed in the references cited by the defendant was " * * * the expedient of locating

the fastening means on flanges exterior to and outside of the curb of the skylight opening * * * " so as to prevent water from seeping into the interior of the building. The district court stated that "This expedient, satisfactory and useful as it is, still appears to be the type of solution which one might expect from the ordinary skilled mechanic and does not rise to the dignity of invention." "The question whether an improvement requires mere mechanical skill or the exercise of the faculty of invention, is one of fact * * *." Thomson Spot Welder Co. v. Ford Motor Co., 1924, 265 U.S. 445, 446, 44 S.Ct. 533, 534, 68 L.Ed. 1098. "Findings of fact shall not be set aside unless clearly erroneous * * *." Rule 52, Fed.Rules Civ.Proc. 28 U.S.C. O'Brien v. O'Brien, 7 Cir., 1953, 202 F. 2d 254; Red Devil Tools v. Hyde Mfg. Co., 1 Cir., 1951, 193 F.2d 491; B. F. Sturtevant Co. v. Massachusetts Hair & Felt Co., 1 Cir., 1941, 122 F.2d 900.

■■ It was never the object of the patent laws to grant a monopoly " * * * for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures." Atlantic Works v. Brady, 1882, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438. See Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. Congress by the passage of the Patent Act of 1952 which enacted as a statutory condition of patentability that the proposed invention would not " * * * have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains", merely codified the existing decisional law. 35 U.S.C. § 103. General Motors Corp. v. Estate Stove Co., 6 Cir., 1953, 203 F.2d 912, certiorari denied 346 U.S. 822, 74 S.Ct. 37; see Stanley Works v. Rockwell Mfg. Co., 3 Cir., 1953, 203 F.2d 846, certiorari denied 346 U.S. 818, 74 S.Ct. 30.

The judgment of the district court is affirmed.