**VERMONT STRUCTURAL SLATE COMPANY, Inc., Plaintiff-Appellee,**

v.

**TATKO BROTHERS SLATE COMPANY, Inc., Defendant-Appellant.**

**No. 313, Docket 23886.**

United States Court of Appeals
Second Circuit.

Argued April 3, 1956.
Decided May 8, 1956.

W. Brown Morton, Jr., New York City, Maxwell E. Sparrow, New York City, James F. Sennett, Granville, N. Y., of counsel, for defendant-appellant.

Before FRANK, MEDINA and WATERMAN, Circuit Judges.

FRANK, Circuit Judge.

This is a suit for a declaratory judgment declaring defendant's patent invalid. The judge entered judgment for plaintiff, and defendant appeals. The facts are amply stated in the opinion of Judge Foley, reported in D.C., 134 F. Supp. 4. We agree with his conclusion.

Summary judgment represents a most useful legal invention to save time and expense, by the avoidance of a trial, when there exist no material fact-issues. It may well be that, in a patent case, a judge should exercise unusual caution in granting a summary judgment. But there are patent cases where it would be an absurd waste of time and effort to deny such a judgment. This is such a case.[1]

In many a patent suit, there arise issues of fact as to which the testimony of expert witnesses may be important. Then the credibility of those witnesses is crucial, and it would be erroneous, by a summary judgment, to deprive either party of a "live trial" at which the trial court could observe the witnesses' demeanor in evaluating their testimony.[2] There was no such issue here. The prior art and the patent claims are, without expert aid, easily understandable by anyone of the most modest intelligence. Nor did it require expert testimony to make it plain that the differences between the prior art and the patent claims were obvious to persons having ordinary skill in the trade at the time the alleged invention was made.

There was but one material issue of fact here, which defendant in the district court described as the "state of

John C. Blair, Stamford, Conn., Clarence S. Lyon, Stamford, Conn., of counsel, for plaintiff-appellee.

1. See, e. g., Park-In-Theatres v. Perkins, 9 Cir., 190 F.2d 137, 142; 6 Moore, Federal Practice (2d ed. 1953) Section 56.17 (44).

2. Bridgeport Brass Co. v. Bostwick Laboratories, 2 Cir., 181 F.2d 315.

affairs existing in the industry at the time the (alleged) invention and the extent to which it has been adopted with resulting economies." On that issue, the trial judge fully accepted the statements in the affidavits filed by defendant as demonstrating (to quote the judge) "that this new arrangement of boards and stringers brought an advancement in utility, safety and economy in the industry." On that basis, he found as a fact: "It allows a more secure handling of the slate and stone when it is being lifted and transported. It may be that less labor is needed in such efforts and the vertical filing permits stocking of the slabs as to color on the pallets which is desirable to purchasers. All these endorsements are set forth in the answering affidavits * * * and I accept them fully as to the usefulness of the Tatko pallet * * * This attribute of utility is further advanced by the adoption of a most similar pallet by plaintiff * * *" It follows that the credibility of witnesses on this issue of fact was not involved. The judge therefore correctly rejected the contention made by defendant in the court below that, on this issue, the judge "should await the presentation of testimony." If the question of patentable invention were a "close one," the facts here thus taken as true might tip "the scales of judgment" in defendant's favor; but where "invention is plainly lacking," such a fact "cannot fill the void." Jungersen v. Ostby & Barton Co., 335 U.S. 560, 567, 69 S.Ct. 269, 272, 93 L.Ed. 235. We agree with the judge that here the question of invention was not at all close. The patent disclosed no more ingenuity than that of a man skilled in the art.

Plaintiff argues that the recent amendment to the patent statute, 35 U.S.C. § 103, lowered the standard of invention,

citing Lyon v. Bausch & Lomb Optical Co., 2 Cir., 224 F.2d 530, 535–536.[3] Even so, the plaintiff's patent, we think, is clearly sub-standard.[4]

Affirmed.

---

3. The writer of this opinion has serious doubts about the correctness of that ruling. See the following to the effect that the amendment merely codified the existing decisions: Stanley Works v. Rockwell Mfg. Co., 3 Cir., 203 F.2d 846; General Motors Corp. v. Estate Stove Co.,

6 Cir., 203 F.2d 912; Interstate Rubber Products Corp. v. Radiator Specialty Co., 4 Cir., 214 F.2d 546; Wasserman v. Burgess & Blacher Co., 1 Cir., 217 F.2d 402.

4. See Gentzel v. Manning, Maxwell & Moore, Inc., 2 Cir., 1956, 230 F.2d 341.