**TATKO BROTHERS SLATE CO., Inc.**

v.

**Matthew HANNON.**

**Civ. A. No. 1836.**

United States District Court
D. Vermont.

Sept. 24, 1956.

Sennett & Sennett, Poultney, Vt., Maxwell E. Sparrow, New York City, J. Preston Swecker, Washington, D. C., of counsel, for plaintiff.

J. Malcolm. Williams, Poultney, Vt., John C. Blair, Stamford, Conn., of counsel, for defendant.

GIBSON, District Judge.

The plaintiff instituted this action for infringement of its patent, Patent No. 2,693,926. The subject matter of this patent is a double platformed wooden pallet used for stacking and transporting flat stone pieces in a stacked vertical relationship on a platform for use with a fork-lift truck. Stones are stacked in pockets at the ends of the pallet to confine the slate stacked vertically on the upper tier of the pallet between the upstanding slabs in the pockets.

The defendant filed a motion for summary judgment under Rule 56, Fed. Rules Civ.Proc. 28 U.S.C.A., in which it contends that there is no genuine issue as to any material fact as required by Rule 56(c). In support of its motion, the defendant relies upon the Vermont Structural Slate Co., Inc., v. Tatko Brothers Slate Co., Inc., D.C., decision, reported in 134 F.Supp. 4 and affirmed by 2 Cir., in 233 F.2d 9. In that case, Vermont Structural Slate Co., Inc. brought a petition for a declaratory judgment in the U. S. District Court for the Northern District of New York, in which it sought to have declared invalid Patent No. 2,693,926, the patent here in suit. The District Court granted a summary judgment on the grounds that the patent expresses no patentable invention over prior art. The affidavits filed in that case did not touch upon the fact that the industry had tried to solve the handling and transporting of slate problem without success for many years. See affidavit of Maxwell Sparrow, of counsel for Tatko Brothers in the former case. The decision of the District Court was affirmed by the 2 Cir., on the ground that invention was plainly lacking and disclosed no more ingenuity than that of a man skilled in the art. See 233 F.2d at page 11.

The plaintiff, in answer to the defendant's motion for summary judgment, filed affidavits of nine persons in support of its contention that there is a genuine issue of a material fact in this case.

The above-entitled cause came on for hearing at Brattleboro on July 16, 1956. Arguments were made, briefs filed, and exhibits were received by this Court at the hearing. Upon plaintiff's motion made at the hearing, this Court, along with counsel for plaintiff and defendant, observed the transporting of slate stacked vertically upon the Tatko pallet with the use of a fork-lift truck at the Woodward Lumber Mill in Brattleboro, Vermont, and observed and compared the Tatko pallet with the Cruickshank pallet, No. 2,297,347, and the Lilienfeld pallet, Patent No. 2,471,693.

### Conclusions of Law

The decision of the Vermont Structural Slate Co., Inc., v. Tatko Brothers Slate Co., Inc., supra, is not res adjudicata of the issues herein because the parties to this action are not the same, nor are they in privity with the parties in the former action. Triplett v. Lowell, 297 U.S. 638, 642–644, 56 S.Ct. 645, 80 L.Ed. 949; Gold Seal Importers, Inc., v. Westerman-Rosenberg, Inc., 2 Cir., 133 F.2d 192.

The issue for this Court's determination is whether a genuine issue of a material fact is presented in the affidavits filed by the plaintiff. Rule 56 (c), F.R.C.P. The affidavits in this case disclose the utility, safety, economy, and commercial success of the Tatko pallet.

Similar affidavits were filed in the former case. In this case, however, the affidavits also tend to show that the industry had tried to solve the problem of handling and transporting flagstone over a long period of time, all without success. See affidavit of Richard Slade, Page 3.

Accepting the affidavits as true, it follows that a genuine issue of a material fact is present in this case. If the industry, over a period of years, tried to solve this problem and met with failure, then the introduction of the Tatko pallet presents a real live issue—namely, "Is the utilization of flagstone to confine the stacked flagstone on the upper tier of the pallet by the use of end pockets an innovation that was 'obvious to a person having ordinary skill in the art.'" Welsh Manufacturing Company v. Sunware Products Co., 2 Cir., 236 F.2d 225; Lyon V. Bausch & Lomb Optical Co., 2 Cir., 224 F.2d 530.

### Judgment Order

Inasmuch as the affidavits filed herein present a genuine issue as to a material fact, the defendant's motion for summary judgment is hereby denied.