Robert E. TURNER and Ilse F. Turner, Plaintiffs,

v.

J. Edwin DANIELS and James T. Frame, Jr., d/b/a Pilgrim Sales Company and Pilgrim Infants Wear Co., Inc., Defendants.

Civ. A. No. 62–222.

United States District Court
D. Massachusetts.
Jan. 29, 1964.

Richard F. Walker, Roberts, Cushman & Grover, Boston, Mass., for plaintiffs.

Robert L. Thompson, Dike, Thompson, Bronstein & Mrose, Boston, Mass., for defendants.

SWEENEY, Chief Judge.

The patent in dispute in this action is for a floating holder of a baby's blanket to prevent the baby from becoming entangled in the blanket or exposed by its removal. The patent is covered by United States Letters Patent 2,779,985 issued to the plaintiffs on February 5, 1957. The plaintiffs charge infringement which the defendants deny, and in further defense the latter set up the invalidity of the patent on numerous grounds.

## FINDINGS OF FACT

The defendants Daniels and Frame are co-partners doing business as Pilgrim Sales Company. The other named defendant is a Massachusetts Corporation, closely allied with that partnership in promoting the sale of the accused article.

■ The Reddy Company of Montpelier, Vermont, is the manufacturer of the accused article and has undertaken the complete control and expense of the defense of this suit. Among the grounds claimed for the invalidity of the patent are irregularity in the prosecution of the patent, misuse of the patent, and unclean hands which would bar relief. I find that none of these defenses warrants a finding of invalidity so that the question of the validity of the patent will now be addressed to the state of prior art and to the defense of want of invention. The plaintiffs point out that this patent was prosecuted under the 1952 Patent Act which, they claim, broadened the scope of an inventor's claims. The 1952 Patent Act, however, has been declared in Wasserman v. Burgess & Blacher Co., 217 F. 2d 402, 404 (1st Cir. 1954) and cases cited therein, to be merely a codification of existing decisional law.

## VALIDITY

■ The only claim of the patent reads as follows:

"A baby blanket holder for crib use comprising in combination with a blanket securing safety pin a plastic ring having faces lying in substantially parallel planes and having a discontinuity in the ring permitting opening said ring to clasp about a fixed crib frame member such as a crib post, an integral extension having faces substantially parallel with the faces of the ring and having a slot in one face thereof receiving the back bar of the safety pin, said back bar extending substantially in the plane of the ring, said slot being partially closed by a lip projecting into the slot and providing an entrance to the pin receiving portion of the slot of less width than the diameter of the back bar of said pin, whereby accidental removal of the pin from the ring is prevented."

An analysis of this claim discloses five elements: 1) the safety pin, 2) a split plastic ring with 3) a tab or extension with faces parallel to the faces of the ring with 4) a slot in one of the parallel faces of the tab with 5) a lip projecting into the slot which is slightly narrower than the slot and which prevents accidental removal of the pin from ring.

The device which the plaintiffs constructed consists of the combination of a safety pin attached to a split plastic ring by means of inserting the back bar of the pin into a slot in the extended tab which is on the periphery of the ring. In use the split ring is adjusted around a post or standard of the crib and then the pin is secured to the blanket. The

rings will ride up and down the standards and the blanket floats as the baby's force directs. It is held securely so that the baby cannot become entangled in the blanket.

Similar arrangements of rings attached to fastening devices were well known before the plaintiffs' application was filed. A patent to Bleier, No. 2,129,-487, which was not cited by the Patent Office Examiner, was issued on September 6, 1938 and described a device for means of securing a floating bed cover. This patent disclosed a split ring with engaging tabs with a snap fastener joining the ring to the blanket. Patent 2,-343,587 to Siegelbaum, which was also not cited by the Patent Office, was issued on March 7, 1944 and disclosed a split plastic ring which serves to join the upright post or standard of a crib to the blanket by engaging loops in the blanket. An English patent 124,161, issued to Mortimer on March 20, 1919, which was cited by the Patent Examiner, disclosed a device for hanging curtains. This consisted of a split ring, with means for closing the aperture, with an "attachment device" which is shown in the drawing of the patent to be a safety pin.

In the light of these patents and others cited in the Patent Office and received in evidence at the trial, I conclude and find as a fact that the claim of the patent in suit is a combination of old and well-known elements. I do not think that the plaintiffs will dispute this. Each of the elements performs its task alone. In combination they perform no new function nor do they produce any changed result. The performance of the combination is no more than the sum of the individual performances. Associated Folding Box Co. v. Levkoff, 194 F.2d 252 (1st Cir. 1952). I, therefore, find that the only claim of the patent is invalid for want of invention and is anticipated by the prior art.

## INFRINGEMENT (if valid)

The accused device is intended to function in the same manner as the plaintiffs' and it, too, consists of a combination of a plastic ring with extension and a safety pin. Its construction, however, does not read upon the claims of the patent. The difference between the two devices lies in the shape and use of the extension. The patent describes a tab with two faces; since it limits the faces of the tab to being "substantially parallel with the faces of the ring," these faces are the top and bottom of the tab when the ring is placed horizontally on a surface. The claim provides that the slot may be placed in one face. The plaintiffs' device is so constructed. I find that the plaintiffs' tab had only these two faces and that the curved end of the tab is not a face within the meaning or description of the patent.

The extension of the accused product consists of three small tabs, one face of each of which is parallel to a face of the ring while the other is tapered and has an open notch. They are arranged in what might be termed a "claw-like manner," that is, the two outer tabs are tapered on one side while the center tab tapers on the opposite side. The back bar of the safety pin is forced down the tapered surfaces of the tabs and into the notches where it is firmly held.

Here, it can be noted, the plaintiffs' article is superior to the defendants' in that, if needed, the pin may be forced out of the plaintiffs' slot by lifting at one end and continuing to apply pressure, whereas the defendants' article holds the back bar of the pin so securely that one or more of the tabs are likely to break before the back bar can be withdrawn from the notch. The plaintiffs' article, in another manner, provides for security against accidental separation. When the holder is in use, the larger force, from the baby pulling the blanket, will be extended horizontally. In the plaintiffs' product that will pull the back bar of the safety pin toward the outer wall of the slot while in the accused device it tends to pull the pin out of the notches.

The elements described in the plaintiffs' patent which are missing in the accused device are 1) parallel faces of a tab in one of which 2) a slot is provided and 3) a lip projecting into the slot. The

plaintiffs' patent in the light of the file wrapper history is a very narrow one and is entitled only to a narrow range of equivalents. The accused article is not within this range and cannot be read upon the invention described by the patent application. I, therefore, find that the defendants' article does not infringe the claim of the plaintiffs' patent, if valid.

## CONCLUSIONS OF LAW

From the foregoing, I find and rule that 1) the plaintiffs' patent is invalid and 2) the defendants do not infringe the plaintiffs' patent, if valid.