ASSOCIATED PIPE & FITTING COM-
PANY, Inc., and Francis L. Pruyn,

v.

BELGIAN LINE, INC., and the City of
New York, Defendants.

BELGIAN LINE, INC., Third-Party
Plaintiff,

v.

J. RICH STEERS, INCORPORATED,
Third-Party Defendant.

The CITY OF NEW YORK, Third-Party
Plaintiff,

v.

J. RICH STEERS, INCORPORATED, and
J. C. MacElroy Co., Inc., Third-
Party Defendants.

United States District Court
S. D. New York.

Sept. 23, 1965.

—————◆—————

Roland T. Bryan, Stamford, Conn., and Kane, Dalsimer, Kane & Smith, New York City, for plaintiffs, H. N. Johnson, New York City, D. W. Robertson, Stamford, Conn., of counsel.

Smith & Reiher, New York City, for defendant and third-party plaintiff Belgian Line, Inc., Robert L. Callahan, New York City, of counsel.

Leo A. Larkin, New York City, for defendant and third-party plaintiff The City of New York, Morgan N. Lipton, New York City, of counsel.

McLean, Morton & Boustead, Roger T. McLean, New York City, for third-party defendants J. Rich Steers, Incorporated and J. C. MacElroy Co., Inc., N. Dale Sayre, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendants Belgian Line, Inc. ("Belgian") and The City of New York (the "City") and by Third-Party defendants J. Rich Steers, Inc. ("Steers") and J. C. MacElroy Co., Inc. ("MacElroy") for summary judgment. Fed.R.Civ.P. 56.

The action is for an accounting and other relief for patent infringement and was brought on July 13, 1964. Plaintiff Pruyn was the inventor and patentee of United States Patent 3,123,978 (the "Pruyn Patent") which relates to driving points (sometimes called pile cutters) for H-beam piles. (Mr. Pruyn died after the action was commenced; his executors have been substituted). Plaintiff Associated Pipe & Fitting Company, Inc. ("Associated") is exclusive licensee under the Pruyn Patent. Plaintiff has demanded a trial by jury; whether in view of the relief asked, this demand is proper need not now be considered. See Robine v. Apco, Inc., 227 F.Supp. 512, 517 (S.D.N.Y.1964).

It is said that MacElroy supplied the allegedly infringing H-beam points to Steers, the contractor for the construction of a pier owned by the City and leased by Belgian (Memorandum for motion, p. 2). The defendant and third-party defendants deny infringement and plead invalidity of the patent as a defense. Jurisdiction is under 28 U.S.C. § 1338.

Movants argue that the Pruyn Patent "is invalid for lack of invention": (1) because it is "anticipated" (Moving memorandum, p. 6) by prior art (35 U.S.C. § 102(b)) and (2) because the subject matter of the Pruyn Patent was "obvious" within the meaning of 35 U.S.C. § 103. (Moving memorandum, pp. 3, 6–7). The argument as to anticipation under 35 U.S. C. § 102(b) is not pressed.

The Pruyn Patent, issued on March 10, 1964, relates to a hardened pile cutter or driving point designed to be attached to the lower end of an H-beam pile. The lower ends of the point are tapered to facilitate driving. The upper portion of the point is of the same form and dimension as the lower end of the H-beam so that when attached the resulting continuous outer surface causes no more displacement than would be caused if no point were being utilized. When the pile is being driven, the point—rather than the end of the H-beam itself—takes the abuse from the striking of obstacles such as rock.

Movants submit in support of the motion catalogs distributed before January 1, 1958 showing the use of tapered driving edges on shoes (points) for open and tubular pipe piles (referred to hereafter as simply "pipe piles"); movants further submit the file wrapper (contents of the Patent Office file) on the Pruyn Patent and copies of the earlier patents cited by the Patent Office as references in the file of the Pruyn Patent.

The contention for movants from the material submitted is that shoes (points) containing all the features of the Pruyn Patent had been used for years and continue to be used on pipe piles, that the idea of adapting points for H-beam piles was known in the art as reflected by United States Patent 2,673,453 (Templeton), that the devices employed by the Pruyn Patent to attach the point to the H-beam were known in the art as reflected by United States Patents 1,858,-918 (DeVou) and 2,708,828 (Pruyn; a patent earlier than that in suit), and that the Pruyn Patent is merely an "obvious" adaptation to an H-beam pile of these old ideas and is thus invalid under 35 U.S.C. § 103.

Whether the subject matter of a patent "would have been obvious at the time * * * to a person having ordinary skill in the art" is a question of fact. Thomson Spot Welder Co. v. Ford Motor Co., 265 U.S. 445, 446, 44 S.Ct. 533, 68 L.Ed. 1098 (1924); Wasserman v. Burgess & Blacher Co., 1 Cir., 217 F.2d 402 (1954). This question of fact should be resolved "with due regard for the state of the prior art". Cornell v. Chase Brass & Copper Co., 142 F.2d 157, 161 (2d Cir. 1944).

The decision of this motion depends, therefore, on whether plaintiffs have shown that there is a genuine issue as to this fact. In making the decision, this Court must recognize that while summary judgment is sometimes appropriate in patent actions (Vermont Structural Slate Co., Inc. v. Tatko Bros. Slate Co. Inc., 233 F.2d 9 (2d Cir. 1956), cert. denied, 352 U.S. 917, 77 S.Ct. 216, 1 L.Ed.2d 123 (1956)) "unusual caution" is to be observed before granting summary judgment (233 F.2d at 10).

On the question whether the patent involved invention or was obvious, plaintiffs have submitted an affidavit of Carlton S. Proctor, an expert with impressive qualifications. It seems to me that this affidavit, opposed to the material for movants, is sufficient to show that there is a genuine issue as a material fact, especially when exercising "unusual caution".

The expert's affidavit sets forth in substance the following situation. Two types of piles are widely used for founda-

tions, namely, pipe piles and H-beam piles. Pipe piles are driven so as to rest on rock, the interior is then cleaned out, and concrete poured in. They can be driven through minor obstacles or hard ground but it is not good practice to drive them (even with the point or shoe to which movants refer) though major obstacles because crimping and bending of the pile occurs. Major obstacles must be drilled, blasted or otherwise removed from the path of the pipe pile. Where an H-beam pile can be driven, it is more economical than the pipe pile, apparently because there is no cleaning of an interior or pouring of concrete. Before the Pruyn Patent, H-beam piles (like pipe piles) could not successfully be driven through major obstacles, apparently because the end being driven into the obstacle buckled, distorted, crimped, or twisted. Thus when there were major obstacles, they had to be removed for either type of pile—H-beam or pipe. Now, with the Pruyn Patent, H-beam piles can be driven through major obstacles and thus can be used where major obstacles exist as a more economical foundation than the alternate method of removing the obstacles and using pipe piles. Engineers knew for at least some 20 years of the problem to which the Pruyn Patent is addressed.

Whether the trier of fact will accept this account of the expert for plaintiffs cannot be known at this time. At trial he will be subject to cross-examination, presumably movants can call an expert, the prior art can be developed in more detail than on this motion. But if the experts knew of the prior art and of the problem for some 20 years and yet the method of the Pruyn Patent was not used or thought of, then it is difficult to say as a matter of law that such method was no invention but "obvious". See Boyajian v. Old Colony Envelope Co., 279 F. 2d 572, 575–576 (1st Cir. 1960). It may be that at a trial proof of a longstanding problem in the relevant field solved by the patent in suit will overcome the evidence for movants that the Pruyn method was "obvious". See Goodyear Tire &

Rubber Company, Inc. v. Ray-o-Vac Co., 321 U.S. 275, 279, 64 S.Ct. 593, 88 L.Ed. 721 (1944); Adams v. United States, 330 F.2d 622, 625 (Ct.Cl.1964); Western States Mach. Co. v. S.S. Hepworth Co., 147 F.2d 345, 347 (2d Cir.) cert. denied 325 U.S. 873, 65 S.Ct. 1414, 89 L.Ed. 1991 (1945).

For the reasons given, the motion must be and is denied.

So ordered.