Lawrence M. **BURNETT**, a minor by Lawrence M. Burnett, his guardian

v.

Thomas C. **MEDFORD** and Louise H. Medford, Individually and as tenants by entireties and Robert C. Tome.

Civ. A. No. 37875.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1967.

Patrick W. Kittredge, LaBrum & Doak, Philadelphia, Pa., for petitioner.

Milton Borowsky, Freedman, Borowsky & Lorry, Philadelphia, Pa., for respondent.

## MEMORANDUM OPINION

MASTERSON, District Judge.

This is a motion for summary judgment under Rule 56 of the Federal Rules

of Civil Procedure by defendants, Thomas C. and Louise H. Medford.

The plaintiff, Lawrence M. Burnett, a minor, brought the principal action against the Medfords and one Robert C. Tome as joint venturers alleging negligence. The Medfords allege that Tome is not a joint venturer but rather an independent contractor and as such is solely responsible to the plaintiff.

The action arises out of an accident involving the plaintiff on the dairy farm owned by the Medfords. The injury occurred when the plaintiff, upon the invitation of an employee working on the farm, fell from a tractor and manure spreader upon which he was riding.

The Medfords own the buildings on the farm, the milking machinery on it, and the herd of dairy cattle as well as the farm land. They did not, however, oversee the every day operations of the farm. The co-defendant, Robert C. Tome, owned the other farm equipment used, and paid for half of the feed, veterinary bills, and seed. In addition, he ran the farm on a day to day basis. It was he that hired the employee who invited the plaintiff to ride on the farm equipment. Both Tome and the Medfords divided the gross proceeds from the sale of milk.

The Medfords make the present motion on the basis of depositions taken from Thomas C. Medford and Robert C. Tome.

In their respective depositions both defendants make statements relating to their parol agreement to run the farm. Since this is the only direct evidence of such an agreement, the Medfords contend that this court can rule as a matter of law that the requisite intent to create a joint venture was not present, and accordingly grant a summary judgment on their motion.

The well settled principles applicable to summary judgment proceedings are stated in Krieger v. Ownership Corporation, 270 F.2d 265 (3rd Circuit, 1959) p. 270:

(One) "Summary judgment may be granted only if the pleadings, depositions, admissions on file and affidavits ' * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'. Fed.R.Civ.P. 56(c).

(Two) "Any doubt as to the existence of a genuine issue of fact is to be resolved against the moving party.

(Three) "Documents filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist and *not* to decide the fact issue themselves.

(Four quoting from an earlier ruling in Fairbanks Morse and Co. v. Consolidated Fisheries Co., 190 F.2d 817, 824 (3rd Circuit, 1951)) " 'The law is clear that one who moves for a summary judgment has the burden of demonstrating that there is no genuine issue of fact.'

(Five) " * * * courts should not for the purpose of expeditious disposition of motions for summary judgments 'shortcut' such proceedings by 'assuming' factual situations. The resolution of issues of fact is a jury question where cases are not tried to the court. ' * * * the procedure is not intended to be used as a substitute for a regular trial of cases in which there are disputed issues of fact upon which the outcome of the litigation depends. And it should be invoked with caution to the end that litigants may be afforded a trial where there exists between a bona fide dispute of material facts * * *' (quoting Zampos v. United States Smelting, Refining and Min. Co., 206 F.2d 171 (10th Circuit, 1953) at page 173.)"

This court finds that the defendants have not met their burden of proving that there is no dispute as to a material fact. The defendants' intention concerning their relationship can be adduced from things other than the defendants' own statements. State of mind, knowledge and intention often may be established by circumstantial evidence. The ultimate findings of fact as to intention will be based primarily upon inferences to be drawn from testimony whose

probative value should be determined by the jury at the trial. See, Michael Rose Productions v. Loew's Incorporated, 143 F.Supp. 606 (S.D.N.Y., 1956).

Even if the defendants' statements were the only evidence relating to whether a joint venture existed, there would still be a jury question as to the credibility of the defendants' testimony concerning the relationship between them. To deprive the plaintiff of a trial at which the jury could observe the defendants' demeanor in evaluating their testimony would be error. See, Vermont Structural Slate Co. v. Tatko Brothers Slate Co., 233 F.2d 9 (2nd Circuit 1956).

Accordingly, defendants' motion for summary judgment is denied.