**VABO, INC.**

**v.**

**CORBIN MANUFACTURING CO., Inc. and George T. Corbin, Jr. and Anthony Skowyrski.**

**Civ. A. No. 41270.**

United States District Court, E. D. Pennsylvania.

Aug. 26, 1970.

C. C. Hileman, Philadelphia, Pa., for plaintiff.

Stassen & Kephart, Henry Wessel and M. P. Gorson, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

TROUTMAN, District Judge.

This matter appears before the Court on plaintiff's motion for summary judgment on a counter-claim asserted by defendant Corbin Manufacturing Co., Inc. (CMC) or, in the alternative, to join George T. Corbin, Jr., president of the corporation, as an indispensable party-plaintiff to the counter-claim, should we deny plaintiff's main motion.

The main action herein was commenced on October 4, 1966, when plaintiff, Varo, Inc., (Varo) instituted suit against the Corbin Manufacturing Co., Inc., and its principal shareholders, George T. Corbin, Jr., and Anthony Skowyrski, for, *inter alia*, specific performance of an option agreement to purchase all of the outstanding stock of Corbin Manufacturing Co., Inc., and for damages resulting from an alleged breach of that option agreement. On August 13, 1969, defendant corporation, by its trustee in bankruptcy [1], filed a counter-claim against plaintiff which seeks both damages and equitable relief for unfair competition, fraud, breach of a confidential relationship, restraint of trade, unjust enrichment and unlawful appropriation of alleged trade secrets consisting of processes, drawings, and designs of a nitrogen bottle developed by George T. Corbin, the president of Corbin Manufacturing Co., Inc.

---

1. On October 22, 1968, the defendant Corbin Manufacturing Corporation was placed in involuntary bankruptcy and on December 17, 1968, Anthony J. O'Connell was appointed trustee by the Honorable Thomas J. Curtin, Referee in Bankruptcy.

Plaintiff has agreed for the purposes of arguing this motion that the information, processes or designs referred to in defendant's counter-claim constitute trade secrets which plaintiff misappropriated. Plaintiff's sole position is that the defendant corporation is not the owner of the trade secrets and, therefore, does not have a sufficient legal interest in these secrets upon which to base an action for damages or equitable relief.

On September 29, 30 and October 1, 1969, plaintiff took the oral deposition of defendant George T. Corbin, Jr., which disclosed that Mr. Corbin is the founder, majority stockholder and president and treasurer of the Corbin Manufacturing Co., Inc. On numerous occasions in that deposition he has stated that he as an individual was the sole inventor, originator and owner of the alleged trade secrets here in issue.[2] On the basis of this testimony plaintiff asserts that there is no genuine issue of fact concerning the corporate defendant's lack of ownership in the trade secrets. The Court, however, is of the opinion that there are genuine issues of fact remaining which should be put to proof. In the same deposition relied upon by plaintiff to support its position there are answers which tend to indicate that the property interest in at least some of the drawings in question were in fact the property of Corbin Manufacturing Co., Inc.[3] The inference to be drawn from these answers is that the corporation and not the individual held the proprietary interest in the drawings, and that the drawings were made for Corbin Manufacturing Co., Inc. by George T. Corbin, Jr. Some question is further raised in the deposition itself concerning the dates on which certain notations were placed on some of the drawings in issue which state that the drawings are the personal property of George T. Corbin. Additionally, George T. Corbin, Jr. has merely

made assertions that he "felt" that the drawings and plans were his property. Mere assertion of a claim of ownership, however, does not establish the fact of ownership. Ownership is a generic term and is subject to many gradations of meanings. Mere possession is insufficient to establish the fact of ownership and such is not proved by testimony which consists of a mere conclusion of law with the facts left to uncertainty. Mr. Corbin further stated in his deposition that he felt that the entire manufacturing process was the subject of a trade secret, (Dep. p. 231) in addition to the drawings and plans previously referred to. It seems clear that the corporation here had the right to use this manufacturing process under specific license agreements. Furthermore, paragraph 7 of an agreement entered into between Corbin Manufacturing Co., Inc. (by its trustee) and George T. Corbin indicates an indivisibility of interests between Corbin individually and the corporation. This again raises unresolved issues of fact concerning the intent of the parties with respect to ownership or proprietary interests in the alleged trade secrets. The function of the Court in deciding a motion for summary judgment is to determine whether there is an issue of fact to be tried. Considering the posture of this record in this case and the rule that all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment, Associated Hardware Supply Co. v. Big Wheel Distrib. Co., 355 F.2d 114 (3rd Cir. 1966); Burnett v. Medford, 274 F.Supp. 845 (E.D.Pa.1967), summary judgment is not appropriate at this juncture.

Since all parties have agreed to the joinder of George T. Corbin, Jr., as a party-plaintiff to the corporation's counter-claim, and the Court being of the opinion that such joinder not only meets the

2. Deposition of George T. Corbin at pages 121–22, 125–27, 130, 178, 222–32, 329–30. Plaintiff's Exhibit A.

3. See deposition of George T. Corbin, Jr. at pp. 122, 125, 126, 127, 222, 223.

criteria of Rule 19(a) of the Federal Rules of Civil Procedure, but will simplify the issues of this case, George T. Corbin, Jr., will be joined as a party-plaintiff to defendant's counter-claim.