WELSH MANUFACTURING COM-
PANY, Appellant,

v.

SUNWARE PRODUCTS CO.,
Appellee.

No. 310, Docket 23924.

United States Court of Appeals
Second Circuit.

Argued April 6, 1956.
Decided July 9, 1956.

Cooper, Dunham, Keith & Dearborn, New York City (Herbert B. Barlow and Herbert B. Barlow, Jr., Providence, R. I., of counsel on the brief), for appellant.

Abraham J. Nydick, New York City, for appellee.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

Plaintiff is the assignee of the Wentworth Patent No. 2,496,969, which relates to the manufacture of sun glasses and which consists simply in using a single piece of metal in constructing the top bracing bar and the sweat bar of the glasses. The bracing bar is fixed to and extends between the rims of the glasses, at their upper edges. Its purpose is to maintain the rigidity of the glasses. The ends of the bar are bent back and inserted into the sweat bar which is a celluloid piece intended to rest on the forehead of the wearer. The wire bar does not go all the way through the celluloid; rather it is inserted into a hole at either end of the sweat bar, thereby pinioning that piece in place. This construction affords a means of soldering the metal bar to the glasses, plating it and thereafter attaching the celluloid. A neater plating job results. Furthermore only two solderings are required, one to attach the wire to either rim.

Previous to plaintiff's innovation, a top bar was soldered on to the rims to

give rigidity to the glasses, and the sweat bar was a separate piece with the wire running all the way through the celluloid. The ends of this sweat bar were also soldered to the rims of the glasses. This required a total of four soldering operations and the plating of the glasses with the celluloid in place.

The defendant did not contest these facts but alleged that the patent in suit was invalid and void for lack of invention. During the course of the trial counsel for the defendant admitted that if the patent is valid the defendant has infringed.

At trial the defendant introduced certain evidence of prior art. This consisted of a pail handle, a coat hanger, and a toilet paper holder. In each of these exhibits one part of the article was held in place by a wire the ends of which were inserted in either end of the part. Defendant attempted to show by these exhibits that pinioning a piece in place, as the sweat band is held in the patented article here, was a common expedient known to skilled mechanics.

Plaintiff objected to the admission of this evidence on the ground that if it was prior art it was not analogous to the field of sun glasses and further, no notice of such prior art had been given as required by 35 U.S.C.A. § 282. Judge Rice overruled the objection and plaintiff assigns error both to the admission of this evidence and to its use in the District Court's findings.

There was no error in the admission and consideration of these exhibits. The colloquy between the Court and counsel regarding the admissibility of this evidence makes it clear that Judge Rice felt that no exhibits were necessary since what the defendant was trying to show was, in fact, common everyday knowledge. The exhibits were admitted merely in order to have the record reflect common examples of this everyday device. The judge took judicial notice of the fact that it was "* * * a common expedient to bend a wire into a shape, whereby the ends can be inserted into a tube or rod or into holes in an article for supporting or carrying the same." It is proper for the court to take judicial notice of matters of general knowledge which indicate that a device is not new. Slawson v. Grand St. P. P. & F. R. Co., 1882, 107 U.S. 649, 654, 2 S.Ct. 663, 27 L.Ed. 576. Moreover, § 282 requires only that notice be given of any "patent" or "publication" which is to be used in showing the state of the art. Thus it did not bar consideration of the items in everyday use considered by the court here. Plaintiff's argument that these items did not come from fields analogous to sun glasses is equally without merit. Where the use of a device or structure is common to many dissimilar fields, its application to a new field ordinarily involves no more than ordinary mechanical skill. Cf. Altoona Publix Theatres, Inc., v. American Tri-Ergon Corp., 1935, 294 U.S. 477, 55 S.Ct. 455, 79 L.Ed. 1005.

The appellant's primary contention is that the findings of fact on which the District Court based its decision of invalidity are not supported by the evidence. Specifically, error is assigned to findings 13 and 14. Finding 13 reads:

"In making the wire top bar and the wire means for holding the sweat bar out of one piece of wire, Wentworth followed an expedient commonly known to mechanics in all fields."

Finding 14 recites the factual conclusions reached by Judge Rice:

"14. (a) The Wentworth structure shows no new results.

"(b) The Wentworth structure shows no unobvious results.

"(c) The Wentworth structure for holding a sweat bar utilizes an every-day means of supporting an article by positioning it between prongs or pins which are carried by, or attached to another element, or form part of the ends of a wire that is attached to another element.

"(d) The Wentworth structure is an aggregation of old parts.

"(e) The Wentworth structure is wanting in any unusual or surprising consequence from unification of the top bar wire with the sweat bar carrying wire."

At trial evidence was introduced to the effect that, until Wentworth made his device, the sun glass industry never had a one piece brace and sweat bar. The glasses previously were manufactured with the top bar and sweat bar as separate pieces, or with only a top bar or only a sweat bar. This, the plaintiff contends, shows that the District Court's finding of obviousness was in error. The plaintiff presses on us the argument that if the device was obvious, others in the industry would have made use of it.

██ We think it clear that even under the relaxed standard of invention of Lyon v. Bausch & Lomb Optical Co., 2 Cir., 1955, 224 F.2d 530, there was no invention here. It is not enough to show that the patentee's device was new and useful. It must in addition be an innovation which was not "'obvious * * * to a person having ordinary skill in the art.'" In the Bausch & Lomb case we found that "the most competent workers in the field had for at least ten years been seeking a hardy, tenacious coating to prevent reflection; there had been a number of attempts, none satisfactory; * * * when it appeared, it supplanted the existing practice and occupied substantially the whole field." 224 F.2d at page 535. Here there is no evidence that there had been any sustained effort over a period of time to find a way of combining the top bar and sweat bar of sun glasses. Nor was it shown that there was a great demand in the industry for such a combination. On the contrary it is evident that anyone who had decided to combine these bars would have encountered little difficulty in doing so. Pinioning the sweat bar by running the supporting wire only into the ends of the plastic was an expedient known to mechanics in all fields. Thus there was evidence that the defendant had devised a similar structure before it was advised of the plaintiff's patent application, and the trial judge so found. The evidence was that Mr. Tunkel of the defendant corporation conceived of this structure by twisting a paper clip during a conference in which he and others associated with his firm were discussing the design of their inexpensive sun glasses.

██ Nor was the mere idea of combining the bars so novel as to constitute invention. It has long been recognized, at least as "a rough rule for guidance," that the making in one piece of a device formerly made in two does not ordinarily constitute invention. Howard v. Detroit Stove Works, 1893, 150 U.S. 164, 170, 14 S.Ct. 68, 37 L.Ed. 1039; Kirsch Mfg. Co. v. Gould Mersereau Co., 2 Cir., 1925, 6 F.2d 793. And this is true even though the one-piece construction is cheaper or more durable, if those advantages would naturally be anticipated by a skilled workman. General Electric Co. v. Yost Electric Mfg. Co., 2 Cir., 1905, 139 F. 568. The combination here required no unusual skill and produced no unusual results. There was nothing about it which would not be obvious to a person having ordinary skill in the art.

Moreover, this was not a device which immediately occupied the whole field. Even the plaintiff does not use the structure in its more expensive glasses. This is because the unitary construction produces sun glasses which are less sturdy than those with separate bars. The plaintiff has not succeeded in producing the same product at a lower cost, but only in making corresponding reductions in cost and quality. To make a lower quality sun glass at a lower cost by such obvious means does not constitute invention by any test. Nor does the alleged commercial success of the device aid the plaintiff. Although many sun glasses embodying the plaintiff's structure have been sold, there is no evidence of the extent, if any, to which the new structure contributed to those sales. Cf. Wilson Athletic Goods Mfg. Co. v. Kennedy Sporting Goods Mfg. Co., 2 Cir., 1956, 233 F.2d 280. In any event this is not a

228

case where the commercial success of the device would tip the scales in favor of invention. Jungerson v. Ostby & Barton Co., 1949, 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235; Vermont Structural Slate Co. v. Tatko Brothers Slate Co., 2 Cir., 1956, 233 F.2d 9.

The judgment is affirmed.