**MAGNUS HARMONICA CORPORA-
TION, Plaintiff-Appellee,**

v.

**LAPIN PRODUCTS, Inc., Defendant-
Appellant.**

**No. 351, Docket 23512.**

United States Court of Appeals
Second Circuit.

Argued May 18, 1956.

Decided Aug. 3, 1956.

Burgess, Ryan & Hicks, New York City, Edward A. Haight, Chicago, Ill. (H. H. Hamilton, Reginald Hicks and John F. Ryan, New York City, of counsel, on the brief), for plaintiff-appellee.

Harry Price, New York City, for defendant-appellant.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

The question raised by this appeal is the validity of two patents relating to the construction of harmonica reeds and reed plates. Plaintiff is the assignee of three patents issued to Finn H. Magnus: 2,-373,129, 2,407,312 and 2,416,451; referred to as 129, 312 and 451. Patents 129 and 312 describe harmonica reed plates molded of plastic with integral reeds. They are substantially the same except that in patent 129 the reeds and reed plate are molded in a single piece whereas in 312 the reeds are molded on a "reed stick" which is then assembled with a reed plate containing openings corresponding to the reeds. Patent 451 describes the mold used in making the reed plate covered by 129. Suit was brought for the alleged infringement of these patents. The defendant denied infringement and asserted the invalidity of the patents; it counter-claimed for unfair competition and a declaratory judgment of invalidity.

Judge Conger heard the case in October and November of 1951. In a decision filed on December 18, 1952, 114 F.Supp. 942, patent 451 was found invalid for lack of invention; patent 312 was held invalid because anticipated by 129; and 129 was found valid and infringed. Defendant's counter-claim for unfair competition was dismissed, no evidence being introduced other than a letter written by Magnus to the trade about an infringing device which did not name the infringing party. Both plaintiff and defendant moved the court for reconsideration and Judge Conger in an opinion dated June 23, 1953 reversed his holding as to patent 312, declaring that it constituted separate invention and that the patent was valid. The defendant is now appealing from this amended decision.

Mr. Magnus' contribution to harmonica making appears to be the molding in one piece of plastic reeds and a reed plate in such fashion that no further tuning of the reeds is necessary. The claims in his patent also describe in detail the form of the juncture between reed and plate.

The making of reeds and reed plate in one piece was not new. As far back as 1861 metal reed plates were devised

wherein the reeds were integral with the reed plate (Hammond patent 33,143).[1] Likewise the musical properties of styrene plastic have long been known. Reeds for clarinets and other musical instruments had been manufactured from styrene long before Magnus applied for his first patent. Scribner and Post, both of the Boonton Molding Company, called as witnesses for the plaintiff, testified that their company had manufactured clarinet reeds out of polystyrene at least since 1940.

The idea of substituting plastic for metal in making an integral reed plate was thus but a combination of ideas neither of which was sufficiently novel to satisfy even the relaxed test of invention of Lyon v. Bausch & Lomb Optical Co., 2 Cir., 1955, 224 F.2d 530. Cf. Gelardin v. Revlon Products Corp., 2 Cir., 1948, 164 F.2d 910. Since plastic can be molded in nearly any desired shape, it was obvious that the reeds and reed plate could be made in one piece. Cf. Gelardin v. Revlon Products Corp., supra. And once the idea of using plastic had been conceived it did not take more than ordinary mechanical skill to see the desirability of molding each reed in its final form so that no further tuning is necessary.

The Patent Office apparently saw no invention in Magnus' basic conception, for at first it refused to grant him a patent. It was only after he phrased his claims in terms of the connection between the reed plate and reed that patent 129 was is-

sued. There seems, however, to be nothing very novel or peculiarly advantageous in the type of connection used by Magnus. Presented with the problem of an integral molding of the reeds and reed plate, a person of ordinary mechanical skill would not be likely to produce anything very different.

In finding patents 129 and 312 valid Judge Conger gave great weight to the fact that Magnus approached two companies, both experienced in polystyrene molding, and both found his device to be "impractical." But the difficulties which these companies anticipated were not difficulties which were surmounted by the concepts covered by 129 and 312. In 1943, Magnus approached the Boonton Molding Company with a handmade model of 129 with the reeds glued on, and requested that company to construct a mold for the integral reed plate. The Boonton Molding Company had practiced plastic molding since 1921 and had worked with polystyrene since 1938. George Scribner, its president, testified that Boonton refused to construct the mold for Magnus because it was not a "practical commercial proposition." His testimony makes it clear that the difficulty lay in the construction of the mold and the limitations of the material rather than in the design of the product. The problem seems to have been that styrene plastic could not at that time be molded in thin pieces and to close tolerances. This difficulty was obviated, at least in part, by later improvements in styrene plastics. To the extent that difficulties in the construc-

[1]. In addition there are ten other patents involving metal reeds integral with the reed plate:

| | | |
|---|---|---|
| Spethman | 193,192 | July 17, 1877; |
| Bray | 253,262 | Feb. 7, 1882; |
| Bray | 280,789 | July 10, 1883; |
| Bray | 312,322 | Feb. 17, 1885; |
| Bray | 416,897 | Dec. 10, 1889; |
| Morgan | 417,069 | Dec. 10, 1889; |
| Wojciechowski | 568,124 | Sept. 22, 1896; |
| Stark | 615,112 | Nov. 29, 1898; |
| Stark | 669,449 | Mar. 15, 1901; |
| Soprani | 1,812,760 | June 30, 1931. |

The Stark patent 669,449 is quite similar to the plaintiff's patent 312 in that it describes a reed stick or "tongue-plate" containing projecting reeds which is assembled with a "supporting-plate" containing corresponding openings.

tion of the mold remained they were overcome, not by any device or process revealed in patents 129 and 312, but by the mold construction which is the subject matter of 451. The plaintiff, however, has not appealed from Judge Conger's ruling that 451 is invalid and that is not before us.

The other concern Magnus approached was the Wallace and Tiernan Company, manufacturers of special engineering equipment. Here Magnus sought investment money but was refused because they thought that the project was not commercially feasible. It does not appear that their decision that the project was impractical was based on anything other than the molding difficulties.

Judge Conger found that the Magnus device created an industry, new in this country, of making harmonicas for the low price field, and that this industry enjoyed great commercial success. These considerations, however, cannot spell out invention where there is none. Cf. Jungersen v. Ostby & Barton Co., 1949, 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235; Vermont Structural Slate Co. v. Tatko Brothers Slate Co., 2 Cir., 1956, 233 F.2d 9. Moreover, we cannot tell to what extent the commercial success was based on the reed plate construction which is the subject of the patents here in question. Cf. Welsh Manufacturing Co. v. Sunware Products Co., 2 Cir., 1956, 236 F.2d 225.

Patent 312 shows no more invention than 129. It is substantially the same except that the reeds and reed plate are not of one-piece construction. The reeds in 312 are made out of one piece of plastic and are part of a reed stick. The reed stick is then attached to the reed plate by a series of lugs and notches. This two-piece construction was anticipated by Stark patent 669,449 which described a similar two-piece device made of metal. This substitution of plastic for metal was no more inventive as applied in 312 than it was in 129.

Both patents are therefore invalid and the judgment below must be reversed.