**LANDON, INC., a corporation, Plaintiff,**

v.

**MARINE SWIMMING POOL EQUIPMENT CO., a corporation, Defendant.**

**No. 480-60-Y.**

United States District Court
S. D. California,
Central Division.
Jan. 3, 1961.

Mellin, Hanscom & Hursh, Jack E. Hursh, San Francisco, Cal., Anderson & McMillan, Burlingame, Cal., Hill, Farrer & Burrill, Los Angeles, Cal., for plaintiff.

Ben Gould, Mason & Graham, Collins Mason, Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above entitled cause heretofore tried, argued and submitted is now decided as follows:

Upon the grounds stated in the Comment to follow the Court finds that the claims of Letters Patent No. 2,826,307,

issued to R. M. Pace on March 11, 1958, especially Claim 2 thereof, and the claims of Letters Patent No. 2,844,255, issued to D. K. Cavenah, et al., on July 22, 1958, especially Claim 4 thereof, are and each of them is valid and infringed by the defendant's devices.

Judgment will be for the plaintiff as prayed for in the Complaint. Single damages to be ascertained upon reference to a Master when the interlocutory decree shall have become final, unless the parties shall agree upon a basic licensing fee. (35 U.S.C.A. § 284)

Costs to the plaintiff. No attorneys fees. (35 U.S.C.A. § 285) Formal findings and judgment to be prepared by counsel for the plaintiff under Local Rule 7, West's Ann.Cal.Code.

### Comment

■ It is accepted law that when a patent combines elements which produce, in combination, a new, better or different result there is invention over the prior art. 1 Walker on Patents, Deller's Ed., 213, 215–216; 2 Ibid, 788–789; Hailes v. Van Wormer, 1874, 20 Wall. 353, 368–369, 87 U.S. 353, 368–369, 22 L.Ed. 241; Brinkerhoff v. Aloe, 1892, 146 U.S. 515, 516, 13 S.Ct. 221, 36 L.Ed. 1068; Himes v. Chadwick, 9 Cir., 1952, 199 F.2d 100, 106; Great Lakes Equipment Company v. Fluid Systems, Inc., 6 Cir., 1954, 217 F.2d 613, 617; Cold Metal Process Co. v. Republic Steel Corp., 6 Cir., 1956, 233 F.2d 828, 829; Application of Wynne, 1958, 255 F.2d 956, 45 CCPA 1018.

■ The patented device is a valid combination which conforms to this principle. In essence, what was done is to combine the skimming operation with the filtering operation of swimming pools into one apparatus in which "the old elements perform a new function in their new environment." Cold Metal Process Co. v. Republic Steel Corp., supra, 233 F.2d at page 839.

The old elements contained in the two apparatuses which the patented device combined were the weir, the throat, the removal basket and the waffle-type filters. New elements were also introduced.

As to the Pace patent the new element is the tank which has the skimming element formed as a part of it and which is capable of receiving both the basket and the filter element, which has in its bottom the removable fitting for receiving the core of the filter, the fitting being connected with a pipeline that runs to the pump.

As to the Cavenah patent the new elements are a vacuum intake below the weir throat and a shutoff plate seat in the tank below the weir throat, a removable shutoff plate to seat on that seat so as to shut off the flow from the weir and enable the vacuum to pull through the tank, the filter and the pump.

The new device has better visual appearance; it is lighter, easier to operate and can be operated and cleaned more economically and without waste of water. Indeed, it can be operated and cleaned by unskilled labor, whereas the other two require skilled labor.

The combined apparatus prevents the accumulation of foreign matter in the pipes, protects the pump, and requires less maintenance and service. So, on the whole, we have a combination which achieves easier, better, newer and more economical results than the devices, the elements of which it has successfully combined. This is invention.

That the accused device infringes the patents in suit cannot be doubted. The deviations in its construction are not sufficient to avoid infringement. I am also of the view that the patent is valid and that not one of the patented devices cited, as to either patent, is anticipatory of or achieves these results in this manner.

Without going into a detailed analysis I state that this is also true of the best references cited as to Pace, such as British Patent 557,393, Wall 1,687,027, MacKinley 1,850,393 or Kracklauer 2,-639,291, and those cited as to Cavenah, such as Pace 2,844,255, Wise 1,074,769, King 2,701,235 or British Patent 348,794.

Additional facts appear in the findings and judgment printed at the end of this opinion as Appendix "A".

Hence the ruling above made.

### Appendix "A"

### Findings of Fact and Conclusions of Law

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and Rule 7 of the Rules of Practice of the District Court of the United States for the Southern District of California, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1.

Landon, Inc., plaintiff, is a corporation of California and has a principal place of business at Belmont, State of California.

2.

Marine Swimming Pool Equipment Co., defendant, is a California corporation, having a regular and established place of business at Van Nuys, California, within the Southern District of California, Central Division.

3.

In the prior practical art the most commonly employed skimming and filtering systems for swimming pools employed a separate skimming device at the side wall of the pool; and sand and gravel filter tank or tanks of considerable dimensions positioned adjacent the pool together with the pump and auxiliary equipment. Such systems were commonly referred to as the "sand and gravel filtering systems".

4.

Long prior to the inventions of the patents in suit there was a recognized need or want in the swimming pool industry for an improved skimming and filtering device and system which would overcome the recognized disadvantages of the commonly used sand and gravel filtering systems with a separate skimming device, which disadvantages were that these prior systems were unsightly, expensive, expensive to install, required a dry hole or sewer connection to receive a large volume of waste water during cleaning and they required considerable servicing.

5.

The inventions described and claimed in the patents in suit satisfied the long felt want or need in the swimming pool industry referred to in the previous finding.

6.

The device of the patents in suit replaced prior art filtering systems for residence swimming pools to a very large extent.

7.

The device of the patents in suit requires from 700 to 1000 gallons less water to effect a cleansing than the prior art sand and gravel filters which were the most commonly used filter mediums for residence swimming pools.

8.

In employing the devices of the patents in suit there is no necessity of having a dry hole or sewer connection to the filter for use during cleaning the filter element and receiving the waste water. This results in a substantial saving in the cost of installing a swimming pool.

9.

The device of the patents in suit combines in one small container all the devices necessary to accomplish the function of skimming and filtering the water in a swimming pool and saves space, piping, housing, time of installation, time of cleaning, operating cost, maintenance cost, water in cleaning, accumulation of foreign matter in the pipes ahead of the pump, and protects and reduces excessive wear on the pump.

10.

The device of the patents in suit is capable of being concealed below the level of the walk surrounding a pool and consequently does not visually detract from the beauty of the pool and its surroundings as the unsightly appearance of the commonly used filtering systems of

the prior art which of necessity had to be installed in full view adjacent to the pool, thus detracting from the beauty of the pool and its surroundings.

### 11.

The combination device of the patents in suit can be installed at a fraction of the labor and material and consequently cost formerly required to install prior art devices employed to skim and filter a pool.

### 12.

The device of the patents in suit is lighter in weight, much smaller in dimensions and can be operated and cleaned by the pool owner more easily, quickly and economically than prior devices and in addition without considerable waste of water.

### 13.

The patents in suit, and each of them, novelly combine elements which produce in the new combination a new, better or different result, and do not merely disclose a mere aggregation of old elements.

### 14.

The patents in suit, and each of them, combine the skimming operation with the filtering operation of swimming pools into one apparatus in which the old elements perform a new function in their new environment.

### 15.

The Pace patent in suit No. 2,826,307 discloses a combination which includes a new element, to wit: a tank wherein the skimming element is formed as an integral part thereof which is capable of removably receiving both the basket and filter element; the tank having in its bottom a fitting for removably receiving the core of the filter.

### 16.

The Cavenah et al. patent in suit No. 2,844,255 discloses a combination which includes new elements, to wit: a vacuum intake in the tank below the weir throat, a shutoff plate seat in the tank below the weir throat, a removable shutoff plate to seat on said shutoff plate seat so as to shut off the flow of water from the swimming pool and enable the vacuum to pull through the tank, the filter to the pump.

### 17.

None of the prior art patents cited as anticipatory against the Pace Patent No. 2,826,307, particularly the prior art patents to Lowe (British) No. 557,393, Wall No. 1,687,027, MacKinley No. 1,-850,393 or Krackenlauer No. 2,639,291, anticipates the invention disclosed and claimed in said Pace Patent No. 2,826,-307 or achieves the results of said Pace device in the same or a similar manner.

### 18.

None of the prior art patents cited as anticipatory against Cavenah et al. Patent No. 2,844,255, particularly the prior art patents to Pace 2,826,307, Wise No. 1,074,769, King 2,701,235 or Cunliffe (British) No. 348,794 anticipates the invention disclosed and claimed in said Cavenah et al. device or achieves the results of that device in the same or a similar manner.

### 19.

The prior art before the Patent Office was the most pertinent prior art on the subject of the patents in suit, and each of them, and that the additional prior art offered in evidence was no closer to the patents in suit than that which was before the Patent Office during the prosecution of the application which resulted in the patents in suit.

### 20.

The Marine Skim Filter device manufactured and sold by defendant and the International Skimcomatic Filter device sold by defendant include a construction and function substantially identical to that of the skim filter device described and claimed in Pace Patent No. 2,826,307, and achieved the results of the patented device by precisely the same mode of operation.

### 21.

The Marine Skim Filter device manufactured and sold by defendant and

the International Skimcomatic Filter device sold by defendant include a construction and function substantially identical to that of the skim filter device described and claimed in Cavenah et al. Patent No. 2,844,255 and achieved the results of the patented device by precisely the same mode of operation.

22.

The Marine Skim Filter device manufactured and sold by defendant infringes the claims of Pace Patent in suit No. 2,826,307.

23.

The Marine Skim Filter device manufactured and sold by defendant infringes the claims of the Cavenah et al. Patent in suit No. 2,844,255.

24.

The International Skimcomatic Filter sold by defendant infringes the claims of Pace Patent in suit No. 2,826,307.

25.

The International Skimcomatic Filter sold by defendant infringes the claims of Cavenah et al. Patent in suit No. 2,844,-255.

Conclusions of Law

1.

That this Court has jurisdiction of the subject matter and of the parties.

2.

That Pace Patent in suit No. 2,826,307 was regularly issued in accordance with law and that each of the claims thereof is good and valid in law.

3.

That Cavenah et al. Patent in suit No. 2,844,255 was regularly issued in accordance with law and that each of the claims thereof is good and valid in law.

4.

That plaintiff, Landon, Inc., is the owner of all the right, title and interest in and to Letters Patents in suit Nos. 2,826,307 and 2,844,255.

5.

That the claims of the patents in suit are not for an exhausted combination or a mere aggregation but each properly defines a patentable combination.

6.

That defendant has infringed the claims of the Pace Patent in suit No. 2,826,307 by the manufacture and sale of the Marine Skim Filter device which comes within the scope of the claims and each thereof of said Pace patent in suit.

7.

That defendant has infringed the claims of the Pace Patent in suit No. 2,826,307 by the sale of the International Skimcomatic device which comes within the scope of the claims and each thereof of said Pace patent in suit.

8.

That defendant has infringed the claims of the Cavenah et al. patent in suit No. 2,844,255 by the manufacture and sale of the Marine Skim Filter device which comes within the scope of the claims and each thereof of said Cavenah et al. patent in suit.

9.

That defendant has infringed the claims of the Cavenah et al. patent in suit No. 2,844,255 by the sale of the International Skimcomatic device which comes within the scope of the claims and each thereof of said Cavenah et al. patent in suit.

10.

That plaintiff is entitled to an accounting to determine the extent of the manufacture and sale by or for defendant of its infringing Skim Filter devices.

11.

That plaintiff is entitled to an accounting to determine the extent of the sale by defendant of the infringing International Skimcomatic filter devices.

12.

That plaintiff is entitled to a judgment against defendant for damages for the

infringement by defendant in the manufacture and sale of the Marine Skim Filter Devices by or for defendant in an amount equal to the profits realized by defendant by reason of its infringing acts.

13.

That plaintiff is entitled to a judgment against defendant for single damages for the infringement by defendant in the sale of the International Skimcomatic Filter sold by or for defendant to be ascertained upon reference to a Master after the interlocutory decree shall have become final, unless the parties shall agree upon a basic licensing fee (35 U.S.C.A. § 284.)

14.

That plaintiff is entitled to a judgment against defendant enjoining defendant, its attorneys, employees, servants and those in privity with the defendant from in any manner manufacturing, using or selling or offering for sale skim filter devices coming within the scope of the claims of the Pace Patent in suit No. 2,826,307 or coming within the scope of the claims of the Cavenah et al. Patent in suit No. 2,844,255.

15.

That plaintiff is entitled to a judgment against the defendant for its costs of suit herein.

### Judgment

In accordance with the foregoing Findings of Fact and Conclusions of Law, it is ordered, adjudged and decreed:

I.

That plaintiff is a California corporation having a principal place of business at Belmont, California.

II.

That defendant is a California corporation having its principal place of business at Van Nuys, California, within the Southern District of California, Central Division.

III.

That this Court has jurisdiction of this cause and of the parties.

IV.

That plaintiff, Landon, Inc., is the sole owner of the Pace Patent in suit No. 2,-826,307.

V.

That plaintiff, Landon, Inc., is the sole owner of the Cavenah et al. Patent in suit No. 2,844,255.

VI.

That the Pace Patent in suit No. 2,-826,307 and each of the claims thereof is good and valid in law.

VII.

That the Cavenah et al. Patent in suit No. 2,844,255 and each of the claims thereof is good and valid in law.

VIII.

That the defendant, Marine Swimming Pool Equipment Co., has infringed the Pace patent in suit, No. 2,826,307.

IX.

That the defendant, Marine Swimming Pool Equipment Co., has infringed the Cavenah et al. patent in suit No. 2,844,-255.

X.

That a writ of injunction issue out of and under the seal of this Court enjoining and restraining the defendant, its attorneys, employees, servants and those in privity with the defendant from in any manner manufacturing, using or selling or offering for sale skim filter devices coming within the scope of the claims of the patents in suit, Nos. 2,826,-307 and 2,844,255.

XI.

That after the interlocutory decree shall have become final, the matter will be referred to a Master, to be appointed by the Court to make and render an account as to the extent of the manufacture and sale of infringing skim filter devices by or for defendant and the amount of the damage suffered by plaintiff and that plaintiff recover such damages from defendant as may be determined by said Master, unless the parties

shall agree upon a basic licensing fee. (35 U.S.C.A. § 284.)

XII.

That plaintiff recover its costs and disbursements in this suit in the sum of ($539.54) Dollars and have execution therefor.

Dated this 20th day of January, 1961.