**ATLANTIC PLASTICS COMPANY, INC., Plaintiff-Appellant,**

v.

**The HENRY HANGER & DISPLAY FIX- TURE CORPORATION OF AMER- ICA, Defendant-Appellee.**

**No. 273, Docket 26705.**

United States Court of Appeals Second Circuit.

Argued March 28, 1962.

Decided July 6, 1962.

Daniel L. Morris, New York City (Robert D. Spille, John A. Mitchell, and Curtis, Morris & Safford, New York City, on the brief), for plaintiff-appellant.

Henry L. Burkitt, New York City, for defendant-appellee.

Before MEDINA, SMITH and HAYS, Circuit Judges.

MEDINA, Circuit Judge.

The patent involved in this suit is for a fixture, with transparent plastic drawers, used by many retail stores for the display and storage of items such as shirts, sweaters and lingerie. The fixture consists of transparent plastic drawers which slide into and out of a structure made up of a frame and stationary transparent shelves. The shelf upon which the drawer rests also serves as a cover for the drawer directly beneath it. What is alleged to be the invention here is the combination of: features found in the prior art; and a "single continuous integral flange"; and an "in-side-outside crossover."

The flange is a continuous strip of plastic that extends a short way down from the bottom of the cover and generally follows the perimeter of the drawer. This flange, in cooperation with the walls of the drawer, is supposed to keep dust out of the drawer. In addition, the portions of the flange that run along the sides of the cover also guide the drawer as it is moved in and out. When the drawer has been inserted its side walls are just outside the flange, and the back wall of the drawer is inside the flange. The front wall of the drawer is outside the flange.

In support of the patent it is argued, against the background of the prior art, that there remained the problem of keep-

ing dust from entering the drawer at the upper rear corners. Where each side wall meets the back wall of the drawer there is a molded curve, and not a sharp right angle. The patent is supposed to solve this problem by having the flange, where it completes the curve going from the back to the side and at the point where the side wall begins, make a right angle turn towards the inside of the cover. The flange continues in that direction for a short distance, until it reaches a point that would be inside the side walls of the drawer. There the flange makes another right angle turn, this time towards the front of the drawer, and runs parallel to the side of the drawer. The different walls of the drawer are at such heights, and the different portions of the flange are so constructed that the drawer will slide in and out without obstruction. This arrangement is referred to as the "inside-outside crossover," and is alleged to be a unique and novel way to keep out dust.

The patent for this display device, Patent No. 2,625,456, dated January 13, 1953, was issued to Morris Rostau. Rostau assigned the patent to the Atlantic Plastics Company, and Atlantic has marketed the device and enjoyed commercial success. Shortly after the patent was issued, Atlantic started suit in the Southern District of New York against The Henry Hanger & Display Fixture Corporation for alleged infringement of the patent. The District Court did not reach the issue of infringement, as it held the patent invalid for lack of patentable invention. The opinion below is reported at D.C., 190 F.Supp. 225. We agree with the Court below.

■ The fixture is not patentable. First, its essential features clearly appear in the prior art. The use of one piece as both a shelf and a cover is found in other patents. Mitten, Patent No. 2,-625,455 (1953); Brockett, Patent No. 2,-201,152 (1940); Powers, Patent No. 862,757 (1907); Parkinson, British Patent 22,477 (1908). The flange idea is found in Brockett, supra, Parkinson, supra, and Rodgers, Patent No. 547,290

(1895). More than two years before the patent was applied for, transparent plastic storage boxes were being made and marketed. And making integral what was formerly more than one piece appears in the prior art. See Magnus Harmonica Corp. v. Lapin Products, Inc., 2 Cir., 1956, 236 F.2d 285.

Thus, each feature of the fixture is clearly shown in the prior art, often in conjunction with other features, and we now turn to the question of whether the combination was "obvious at the time the invention was made to a person having ordinary skill in the art." 35 U. S.C. § 103; see Reiner v. I. Leon Co., 2 Cir., 1960, 285 F.2d 501, cert. denied, 1961, 366 U.S. 929, 81 S.Ct. 1649, 6 L. Ed.2d 388; American Safety Table Co. v. Schreiber, 2 Cir., 1959, 269 F.2d 255, 266–267, cert. denied, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185; Lyon v. Bausch & Lomb Optical Co., 2 Cir., 1955, 224 F. 2d 530, modified, cert. denied, 350 U.S. 911, 76 S.Ct. 193, 100 L.Ed. 799. Our conclusion is that the combination fails to meet this test of patentability.

■ The record clearly indicates that the combination of features found in the prior art was "obvious." Atlantic argues that this combination was made possible by the so-called "inside-outside crossover." But even assuming the "inside-outside crossover" to be unique and essential, it does not raise the fixture to the level of invention. Our examination of the record compels the conclusion that, presented with the use of integral molding and a flange, "a person of ordinary mechanical skill would not be likely to produce anything very different." Magnus Harmonica Corp., supra at 286; American Safety Table Co. v. Schreiber, supra at 266. Whatever commercial success the fixture has had is not sufficient to act as a substitute for patentable invention. Jungersen v. Ostby & Barton Co., 1949, 335 U.S. 560, 567, 69 S.Ct. 269, 93 L.Ed. 235; E. J. Brooks Co. v. Stoffel Seals Corp., 2 Cir., 1959, 266 F.2d 841, cert. denied, 361 U.S. 883, 80 S.Ct. 154, 4 L.Ed.2d 119.

Affirmed.