Floyd A. FIRESTONE, Plaintiff-
Appellant,

v.

ALUMINUM COMPANY OF AMERICA,
Electro Circuits, Inc. and Curtiss-
Wright Corporation, Defendants-Appel-
lees.

No. 13891.

United States Court of Appeals
Sixth Circuit.

Nov. 22, 1960.

Floyd A. Firestone, Dobbs Ferry, N.
Y., in pro. per.

Albert R. Teare; Teare, Kramer,
Sturges & Fetzer,* Cleveland, Ohio, on
the brief.

Carlton Hill, Chicago, Ill., and Stod-
dard B. Colby, Breed, Abbott & Morgan,
New York City, for appellee.

Thomas J. Doran, Meyer, Baldwin,
Doran & Young, Cleveland, Ohio, and
Carlton Hill, Van Metre Lund, Hill, Sher-
man, Meroni, Gross & Simpson, Chicago,
Ill., and William L. Hanaway, Stoddard
B. Colby, Egon R. Gerard, Breed, Abbott
& Morgan, New York City, on the brief
for Aluminum Co. of America and Cur-
tiss-Wright Corporation.

James H. Tilberry, Williams, Tilberry
& Golrick, Cleveland, Ohio, on the brief
for Electrocircuits.

Before McALLISTER, Chief Judge,
and MILLER and CECIL, Circuit Judges.

CECIL, Circuit Judge.

This is an appeal from the District
Court of the Eastern Division of the

---

* Although this firm appears on the briefs
for Dr. Floyd A. Firestone, they later
withdrew as his counsel and Dr. Fire-
stone represented himself thereafter.

Northern District of Ohio. It is a companion case in this court to appeal No. 13890, Aluminum Company of America v. Sperry Products, Inc., 285 F.2d 911.

An action was brought in the District Court by the appellees of appeal No. 13890 against the appellants in that case for the infringement of four patents. These patents in the trial court and in appeal No. 13890 were denominated, for convenience, patents numbered 1, 2, 3 and 4.

The trial judge held that claim 7 of patent No. 2 was invalid and one of the plaintiffs, the appellant in this case, appealed. The subject matter of both of these appeals was involved in one trial in the action brought in the District Court. Reference should be had to the opinion in appeal No. 13890 for a complete understanding of the law and facts involved.

The appellant seeks a reversal of the judgment of the District Court in holding claim 7 of patent No. 2 invalid.

The claim describes a "Voltage Train Generator." This is a complete unit or device in itself and could be used in patent No. 1 in place of the "Pulse Oscillator," "High Frequency Oscillator" and "Modulator." It would also have various other uses apart from patent No. 1 and the improvements thereon by patents 3 and 4.

The elements of this patent are set forth in the claim which reads: "A voltage train generator comprising a condenser, means for charging said condenser, a grid controlled discharge tube having its plate connected to one terminal of said condenser and its cathode connected through a resistor to the other terminal of said condenser, an oscillatory circuit connected in parallel with said resistor, a pair of output terminals connected to said oscillatory circuit, and means for periodically discharging said condenser though said tube."

The defendants (as they were in the trial court) claim that the alleged invention was anticipated by prior art not cited by the patent office as follows: Langevin Patent No. 1,858,931, an article

in The Hydrographic Review of 1924, the Newhouse Patent No. 2,083,344, an article by Everett in the standard textbook "Communication Engineering" published in 1937, and the Gunn Patent No. 2,461,543.

The trial judge found that Langevin and the Hydrographic Review article both disclose an oscillatory circuit similar to that in claim No. 7. These references use a spark gap or spark break and the judge held that they were not the equivalent of the grid controlled discharge tube of claim No. 7. He also found that the resistor disclosed in patent No. 2 was not disclosed in Langevin or the Hydrographic Review. He further found that the Newhouse patent discloses a grid controlled gas tube and that it would be an obvious expedient to combine such a grid controlled tube with the oscillatory circuits of Langevin or the Hydrographic Review. The court found too that, according to Dr. Firestone's testimony, the Gunn patent discloses a grid controlled gas tube connected to one terminal of the condenser with its cathode connected through a resistor to the other terminal of the condenser, as shown in claim No. 7. In this connection, he finds that these elements in Gunn perform the same function as the spark break and associated elements of Langevin and Hydrographic Review and could obviously be substituted therefor. He finds that it is equally obvious that the oscillatory circuits of Langevin and Hydrographic Review could be used in Gunn.

The trial judge found in effect that not all of the elements of the invention described in claim 7 or their equivalents were found in any one of the devices or descriptions of the prior art. We agree with these findings.

The court then concludes: "It appears, therefore, that claim No. 7 is fully anticipated by the above cited references and that the development of the voltage train generator of Patent No. 2 did not constitute invention."

█ In arriving at his conclusion, the trial judge indulged in three hypothetical substitutions. By using these substitu-

tions, a device containing all of the elements contained in the claim in suit could be made up in two different ways. Since not all of the elements or their equivalents can be found in one unit of prior art, there can not be anticipation as we have used that term. Page 919 of 285 F.2d.

If the trial judge used anticipation in its proper sense, he drew an erroneous legal conclusion.

It is claimed that the subject of claim 7 is in itself novel and constitutes invention of an independent device. (Voltage Train Generator.) The invention described in this claim is one consisting of a combination of elements.

■ A combination of old elements may constitute an invention if it performs a new and useful function. It is apparent that the alleged invention here is a refinement of a voltage train generator and that it does perform a useful function, as described in the specifications of the patent.

■■ A patent may be invalid if it lacks invention. A device lacks invention when it is obvious to one skilled in the art that it could be produced from the sum total of the teachings and disclosures of various units of pertinent prior art. Page 919 of 285 F.2d.

Applying the rule to this case: If it were obvious to one skilled in the field of "echo sounding," assuming it to be an analogous art, that from all of the elements of the prior art references he could have selected the elements of the combination of the Firestone patent and put them together to accomplish the same results, there would be lack of invention.

If the trial judge had this in mind, when he said that the voltage train generator did not constitute invention, he was in error for the reason that there is no evidence to support such a conclusion.

■ Mr. Fishleigh made a close comparison of the prior art references and claimed to be able to identify all of the elements of claim No. 7 in the various units. That is not sufficient to negative invention.

■ It is easy enough to take a completed device of a combination patent and identify all of its elements from various other sources. The very essence of a combination patent is that it is made up of a number of elements, some or all of which may be old. Its claim to a patent grant is that it is a new combination or grouping of the elements which accomplishes a new and useful result.

As we said in our opinion in 285 F.2d 921: "The fact that the invention seems simple after it is made does not determine the question; if this were the rule, many of the most beneficial patents would be stricken down." Expanded Metal Co. v. Bradford, 214 U.S. 366, 381, 29 S.Ct. 652, 656, 53 L.Ed. 1034.

■■ A patent is entitled to its presumption of validity. We find no evidence from which the trial court could find that the development of the invention described in claim 7 was the result of mere mechanical skill rather than the creation of an imaginative mind.

The presumption of validity is not overcome by evidence and consequently the claim must be held valid.

■ The trial court having found the claim invalid did not reach the question of infringement. Its finding of infringement is obiter dictum and that question is not presented to us on this appeal.

The judgment of the District Court is reversed and the case remanded to that court with instructions to enter judgment in accordance with this opinion.