The SOUNDSCRIBER CORPORATION

v.

The UNITED STATES.

No. 479–59.

United States Court of Claims.
May 13, 1966.

J. Philip Anderegg, New York City, attorney of record, for plaintiff. Pennie, Edmonds, Morton, Taylor & Adams, New York City, of counsel.

Michael W. Werth, Washington, D. C., with whom was Asst. Atty. Gen., John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM:

This case was referred to Trial Commissioner Donald E. Lane with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in an opinion and report filed on January 17, 1966. Thereafter, on March 7, 1966, the parties filed a stipulation wherein it was stipulated and consented that the opinion, findings of fact and recommended conclusion of law in the report be adopted as the opinion, findings of fact and conclusion of law of the court. It was further stipulated that there be entered judgment for the plaintiff in the amount of three thousand dollars ($3,000), as reasonable and entire compensation (including interest) for all unlicensed use and manufacture by or for the defendant of the invention described and claimed in U. S. patent No. 2,803,413, and as payment from defendant to plaintiff for a paid-up, non-exclusive, irrevocable, non-transferable, royalty-free license to practice, and cause to be practiced for the defendant throughout the world for governmental purposes in the manufacture, use and disposition according to law, of any article or material, and in the use of any method, the invention disclosed and claimed in U. S. patent No. 2,803,413. Since the court agrees with the trial commissioner's findings, opinion and recommended conclusion of law, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case without oral argument. The opinion and conclusion of the trial commissioner accord with the principles announced by the Supreme Court in Graham et al. v. John Deere Company of Kansas City et al., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, and United States v. Adams, 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572, October Term, 1965, all decided February 21, 1966. Plaintiff is, therefore, entitled to recover and judgment is entered for plaintiff with the amount of recovery to be in accordance with the stipulation of the parties submitted after the commissioner's recommendation that the amount of recovery be determined under Rule 47(c) (2), as previously set forth.

OPINION OF COMMISSIONER *

LANE, *Commissioner*: This is a patent suit under Title 28 U.S.C. § 1498 for just and entire compensation for the unauthorized use of plaintiff's patented inventions by the defendant. It is found that the selected claims of Letters Patent Nos. 2,750,449, 2,743,319, 2,826,642, 2,845,495, and 2,915,595 are invalid, and that the selected claims of Letters Patent No. 2,803,413 are valid and have been used without authorization in defendant's RD–115B/UN sound recorder-reproducer equipment. The patent claims in suit, the pertinent structures of the accused sound recorder-reproducers and associated equipments, and the prior art items urged by defendant are set forth

---

* The opinion, findings of fact, and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

in full detail in the accompanying findings of fact. The parties have agreed to a separation of the issues for trial. The questions of validity, infringement, and license are now before the court.

Plaintiff is a corporation organized and existing under the laws of the State of Connecticut and is the record owner of entire right, title, and interest in and to the following patents in suit:

### PATENTS AND PATENT CLAIMS IN SUIT

| No. | Patentee | Year | Claims |
| --- | --- | --- | --- |
| 2,750,449 | Thompson, et al ......... | 1956 | 6, 15, 16, and 18. |
| 2,743,319 | Thompson, et al ......... | 1956 | 1, 2, 3, 8, 9, 11, and 12. |
| 2,803,413 | Lyon ................... | 1957 | 1 and 2. |
| 2,826,642 | Lyon, et al ............. | 1958 | 1 and 2. |
| 2,845,495 | Lyon ................... | 1958 | 7, 8, and 9. |
| 2,915,595 | Lyon ................... | 1959 | 1, 3, and 4. |

The above-listed patents will hereinafter be referred to as the '449, '319, '413, '642, '495, and '595 patents.

The patents in suit relate to long-playing magnetic sound recorder-reproducer apparatus and to devices used in conjunction with sound recording. The '449 and '319 patents are directed to magnetic sound recorder-reproducers wherein a plurality of transducer elements is carried on the end face of a rotatable drum having its axis of rotation perpendicular to the direction of movement of a relatively wide magnetic tape. The transducer elements are adapted to contact the tape as the drum rotates under the moving tape so as to form a plurality of arcuate tracks across the width of the tape. The transducer elements produce magnetic tracks to record information on the tape and also serve to pick up from the tape the recorded information for reproduction. The '495 and '595 patents relate to drum type recorder-reproducers which utilize a plurality of transducer heads disposed about the peripheral surface of rotatable drum having its axis of rotation parallel to the direction of tape travel. The transducer heads of the '495 and '595 patents contact the tape and describe a plurality of parallel transverse tracks at substantially right angles to the longitudinal axis of the tape. The '319 patent relates to a reel clamp and handle combination while the '642 patent is directed to a bulk magnetic tape eraser or demagnetizer.

Although the field of magnetic recording-reproducing utilizing the principles of arcuate or transverse tracks is not a greatly crowded field, the patents in suit are not pioneer patents. The elements comprising the combinations claimed in the selected patent claims in suit are, in the majority, individually old and well known in the art of recording for the same purpose and function for which the patentees herein have used them.

Defendant has raised a number of defenses to plaintiff's charge of unauthorized use, asserting: that the claims in suit are invalid in view of the prior art; that the alleged invention defined in claim 6 of the '449 patent is invalid because it had been known to or used by others in this country prior to the invention thereof; that plaintiff is estopped to charge infringement of claim 6 of the '449 patent because plaintiff disclaimed a claim in the '449 patent which is dependent upon claim 6; and that defendant is entitled to a license and/or related rights under the '495 and '595 patents in suit and the alleged inventions covered thereby.

The specific prior art items relied upon by defendant in its defense of invalidity of the patent claims in suit are set forth more fully in the findings of fact.[1] By statute, 35 U.S.C. § 282, a patent issued by the Patent Office is pre-

1. Of the many patents and publications cited by the defendant against the '449 patent in its answer to plaintiff's second amended petition, defendant has relied upon the following:

UNITED STATES PATENTS

| Patentee | No. | Date |
|---|---|---|
| De Forest | 2,026,872 | 1936 |
| Fulton | 2,127,331 | 1938 |
| Clark | 2,188,650 | 1940 |
| Clausen | 2,326,332 | 1943 |
| Dank | 2,535,486 | 1950 |
| Camras | 2,603,721 | 1952 (Filed 1947) |
| Begun | 2,604,550 | 1952 (Filed 1947) |
| Pond | 2,620,404 | 1952 (Filed 1949) |
| Begun | 2,632,061 | 1953 (Filed 1947) |
| Hickey | 2,707,212 | 1955 (Filed 1950) |

FOREIGN PATENTS

| | | |
|---|---|---|
| British Marzocchi | 497,800 | 1938 |
| British Diamand | 654,584 | 1951 |

PUBLICATION

Begun, Magnetic Recording, Rinehart & Company, Inc., New York, 1949, pp. 106–107, 118–119.

None of the above-listed patents or publications was cited by the Patent Office during the prosecution of the '449 patent application.

Defendant has urged that the '319 patent claims in suit are invalid under 35 U.S.C. § 102 on the grounds that the invention claimed was fully anticipated by the prior art, and that the invention was obvious to those skilled in the art at the time it was made and therefore invalid under 35 U.S.C. § 103. In support of its defense of invalidity of the '319 patent claims in suit, defendant has cited the following prior patents and publications:

UNITED STATES PATENTS

| Patentee | No. | Date |
|---|---|---|
| Anderson | 1,422,809 | 1922 |
| De Forest | 2,026,872 | 1936 |
| Marzocchi | 2,245,286 | 1941 |
| Clausen | 2,326,332 | 1943 |
| Dank | 2,535,486 | 1950 |
| Kuhlow | 2,595,197 | 1952 (filed Apr., 1951) |
| Begun | 2,604,550 | 1952 (filed Jan., 1947) |
| Howell, et al | 2,639,333 | 1953 (filed May, 1947) |
| Hickman | 2,648,589 | 1953 (filed July, 1949) |
| Demby, et al | 2,703,714 | 1955 (filed Oct., 1950) |

FOREIGN PATENTS

| | | |
|---|---|---|
| Great Britain, Marzocchi | 497,800 | 1938 |
| Great Britain, Diamand | 654,584 | June, 1951 |

## PUBLICATION

Begun, Magnetic Recording, Rinehart & Company, Inc., New York, 1949.

Defendant noted numerous prior patents and publications in its answer alleging invalidity of the '495 and '595 patent claims in suit as failing to patentably define over the prior art. Of those cited, defendant has relied upon the following:

| Patentee | No. | Date |
|---|---|---|
| Fulton | 2,127,331 | 1938 |
| Clark | 2,188,650 | 1940 |
| Thompson et al | 2,750,449 | 1956 (filed 1951) |
| Masterson | 2,773,120 | 1956 (filed 1950) |
| Coutant et al | 2,813,924 | 1957 (filed 1951) |
| Camras | 2,900,444 | 1959 (filed 1953) |
| Barry | 3,020,356 | 1962 (filed 1952) |
| British, Marzocchi | 497,800 | 1938 |

## PUBLICATIONS

Begun, Magnetic Recording, Rinehart & Company, Inc., New York, 1949, pp. 118–119.
Barreau, Magnetic Recording of Long Duration, L'Onde Electrique, March 1954.

Defendant has urged that the following prior patents support his allegation that the '413 patent is invalid in view of the prior art:

### UNITED STATES PATENTS

| Patentee | No. | Date |
|---|---|---|
| Henry | 993,298 | 1911 |
| Bornmann | 1,029,268 | 1912 |
| Forshee | 1,134,523 | 1915 |
| Wenderhold | 1,348,193 | 1920 |
| Bradley | 1,575,410 | 1926 |
| Busch | 1,601,100 | 1926 |
| Kendelmann et al | 1,850,755 | 1932 |
| Wittel | 2,005,404 | 1935 |
| Whelan et al | 2,460,613 | 1949 |
| Singleton | 2,637,567 | 1953 |

None of the above prior patents was cited by the Patent Office against the '413 patent application.

Defendant has urged that the following prior patents support its allegation that the '642 patent is invalid:

### UNITED STATES PATENT

| Patentee | No. | Date |
|---|---|---|
| Beechlyn | 2,106,233 | 1938 |
| Breth | 2,134,656 | 1938 |
| Beechlyn | 2,240,749 | 1941 |
| Fuschlag | 2,403,424 | 1946 |
| Begun | 2,604,550 | 1952 (filed 1947) |

None of the listed prior patents was cited by the Patent Office.

sumed valid, and the burden of establishing invalidity is on the party asserting it. But this presumption may be dispelled, especially by reference to pertinent prior art which was not considered by the Patent Office. See Scripto, Inc. v. Ferber Corporation, 267 F.2d 308 (3d Cir. 1959), cert. denied, 361 U.S. 864, 80 S.Ct. 122, 4 L.Ed.2d 104. Such is the case of the prior art items relied upon most heavily by defendant herein.

■ The test for patentability under 35 U.S.C. § 103 has been aptly stated by Judge Browning in Griffith Rubber Mills v. Hoffar, 313 F.2d 1, 3 (9th Cir. 1963), as follows:

Patents are issued not for private benefit but for the public good; they grant a monopoly for a limited period as an incentive to the disclosure of innovations which in the end will add to the fund of freely available knowledge. However, the public is entitled to benefit, without granting special concessions, from such advances as normally flow from the application of the ordinary skills of one in the trade to the existing fund of public knowledge. Thus the statute prescribes, as a condition of patentability, that what has been accomplished must be such that it would not have been obvious to a hypothetical person skilled in all that could have been known, at the pertinent time, in the field to which the invention relates.

It follows that though a device may be new and useful it is not patentable if it consists of no more than a combination of ideas which are drawn from the existing fund of public knowledge, and which produces results that would be expected by one skilled in the art.

■■ The prior art patents and publications relied upon by defendant clearly show that the elements recited in the selected claims of the '449, '319, '642, '495, and '595 patents were well known in the magnetic recording art both individually and in various combinations. It is found that these claims recite mere aggregations of elements old in the art which produce no unexpected result and are therefore invalid. The test under 35 U.S.C. § 103 requires a determination of obviousness at the time the invention was made. This determination is not to be made through hindsight.

■ Defendant has contended that the work of one Marvin Camras constituted prior knowledge and use by another in this country of the alleged invention defined in claim 6 of the '449 patent, a bar to patentability under 35 U.S.C. § 102. During 1949 and the period following, Camras worked on apparatus for recording and reproducing video signals used in television. His efforts ultimately culminated in a patent relating to a means for recording and reproducing video signals. The Camras patent application was filed subsequent to the filing of the '449 patent application and is therefore not available as an anticipatory reference against claim 6 of the '449 patent. To constitute an anticipation, all of the elements recited in the claim or their equivalents must be found in one unit of the prior art. See Firestone v. Aluminum Co. of America, 285 F.2d 928 (6th Cir. 1960). Prior knowledge and use must be public knowledge and use, that is, it must have been accessible to the public. One who relies on prior knowledge and use to defeat patentability must sustain such anticipation by clear and convincing proof. See Consolidated Electrodynamics Corp. v. Midwestern Instruments, Inc., 260 F.2d 811 (10th Cir. 1958). Defendant has not met this burden in the subject suit. The documents introduced by defendant at trial fail to disclose a slip clutch as recited in claim 6 of the '449 patent. Moreover, the weight of the evidence sustains a finding that the work of Camras was not accessible to the public.

■ The '449 patent in suit issued on June 12, 1956. On June 28, 1956, plaintiff, as assignee of the '449 patent, filed a disclaimer disclaiming claim 10 of the '449 patent. Claim 10 is dependent upon claim 6, one of the

'449 claims in suit. Defendant contends that plaintiff is estopped to charge infringement of claim 6 because of the disclaimer of claim 10. Defendant's contention is without merit. The Patent Office allows an invention to be defined through varying the scope of claim coverage. Through this practice, structures defined by a claim which has been disclaimed may be covered by other claims not disclaimed. The construction of a patent, after a disclaimer has been properly entered, must be the same that it would have been if the matter so disclaimed had never been claimed. Dunbar v. Myers, 94 U.S. 187, 194, 24 L.Ed. 34 (1876).

■ Defendant has contended that the Government is entitled to an irrevocable, nonexclusive, nontransferable, royalty-free license to practice the inventions disclosed and claimed in the '495 and '595 patents in suit by virtue of a Government contract entered into by plaintiff and the Government. Briefly, said contract provided for the design and development of an airborne sound recorder-reproducer device. The contract initially called for both the arcuate principle and the linear principle approaches to recorder-reproducer devices. Prior to receiving the contract, plaintiff realized that a different approach to a recorder-reproducer would be required to meet the specifications under the contract. Plaintiff thereupon suggested to the contracting officer the use or a transverse type of recorder-reproducer which is the subject of the '495 and '595 patents. The details of the conception and reduction to practice of the devices disclosed and claimed in the '495 and '595 patents are set forth with more particularity in the findings of fact. The weight of the evidence shows that the devices defined in the '495 and '595 patents in suit were reduced to practice under the terms of the Government contract, that such work was paid for by funds charged to said contract, and that defendant would be entitled to a royalty-free license to use the '495 and '595 patents, if said patents had been found valid.

■ In determining the issues of infringement, one must look to the claims of a patent. The patent claims define what is covered by the patent. See Smith v. Snow, 294 U.S. 1, 11, 55 S.Ct. 279, 79 L.Ed. 721 (1935). The range of equivalents which can be accorded an invention is dependent on the degree of the invention. This is to be determined by the state of the art. Where the art is crowded and the claims must be narrowly construed to be distinguished over the prior art, the range of equivalents is narrow. See Pratt & Whitney Company, Inc. et al. v. United States, 345 F.2d 838, 170 Ct.Cl. 829 (1965). The selected claims of the '449 patent in suit were narrowly defined to distinguish over the prior art cited by the Patent Office. Thus, the resilient means incorporated by reference into the '449 patent claims in suit must be accorded a narrow range of equivalents. The accused sound recorder-reproducer of American Measuring Instruments Corp. does not utilize a resilient means which falls within the range of equivalents accorded claims 6 and 18 of the '449 patent and therefore would not infringe said claims even if said claims were valid.

■ It is concluded that the selected claims in suit of the '449, '319, '642, '495, and '595 patents are invalid, but that the '413 patent claims in suit define a patentable invention which defendant has used without authorization of the owner.